(No. 2353.    March 19, 1920.)

## BEECHER v. TINNIN.

### SYLLABUS BY THE COURT.

1.    Where the title to land attempted to be conveyed is in the public, there is such a hostile possession as amounts to an eviction the instant the deed is made.                P. 62

2.    The covenant of seisin is personal, and does not run with the land.   If broken at all, it is broken when made, and a cause of action thereupon instantly arises in favor of the convenantee, which does not pass to his grantee merely by virtue of the deed of conveyance.                P. 63

3.    The covenant of warranty runs with the land, and inures to the benefit of subsequent grantees, so long as no breach thereof has occurred.   The instant a breach of covenant has occurred, a chose in action arises in favor of the evicted person, or the one claiming the right and title to the land, and who is in privity with covenantor, and this chose in action is not transferred or assigned simply by virtue of a deed of conveyance.                                .                P. 63

4.    The covenant against incumbrance is a covenant as to things existing at the time it is made.   If broken at all, it is broken the moment it is made, and the cause of action then exists, which does not pass by force of any conveyance purporting to grant the premises.                P. 65

Appeal from District Court, Dona Ana County; E. L. Medler, Judge.

Suit by Eugene A. Beecher against W. E. Tinnin to foreclose a real estate mortgage, with counterclaim by defendant.   Demurrer to reply overruled and judgment entered for plaintiff, and defendant appeals.   Affirmed.

YOUNG & YOUNG, of Las Cruces, for appellant.

S. B. GILLETT and F. G. MORRIS, both of El Paso, for appellee.

OPINION OF THE COURT.

ROBERTS, J. On the 16th day of January, 1918, appellee filed suit in the district court of Dona Ana county to foreclose a real estate mortgage securing two promissory notes each for $3,537.50, and interest. The complaint alleged that the notes were given in part payment of the real estate described in the mortgage sought to be foreclosed; that the notes and mortgage in question were executed to A. E. Lauson and by him assigned to the appellee for a valid consideration. Breach of the conditions of the mortgage was alleged, which consisted of a failure to pay the note at maturity. The complaint contained the usual allegations in such a suit and asked for a deficiency judgment over.

Appellant answered the complaint admitting some allegations and denying others and filed a counterclaim, in which he sought to recover from the appellee for alleged breaches of covenants contained in the deed from appellee to Lauson. The counterclaim alleged: That in February, 1913, appellee conveyed the premises in question to A. E. Lauson, which deed contained the usual covenants as to seisin and warranty and against incumbrances, assessments, taxes, etc. That the deed from Lauson to appellant breached the covenants of his deed to Lauson in that: (a) Title to more than 50 acres of the real estate conveyed was in the United States at the date of the conveyance, by reason of which there was a breach of the covenants of seisin and warranty, breach of each covenant being stated in a separate count of the counterclaim: (b) that the deed from appellee to Lauson contained a covenant against incumbrances, taxes, and assessments, and that this covenant had been breached by reason of the fact that, at the time of the conveyance by appelle to Lauson, there was a lien on the land in favor of the Elephant Butte Water Users'

Association by reason of the construction of the Elephant Butte dam and certain water rights, amounting to more than $4,000. The counterclaim also set up the fact that one of the notes in suit and been assigned to the appellee after its maturity. This allegation, however, is of no consequence, because it is apparent from the counterclaim that appellant was not seeking to offset against the past-due note breaches of covenants by Lauson, but was counting only upon the breach by appellee.

No demurrer was filed to the answer, but a reply was filed which set up, as a defense to the alleged breaches of covenant as to seisin and warranty, that, while the legal title to the land in dispute was in the United States of America, appellee was the owner of the equitable title; that he had applied for the legal title under the provisions of chapter 35, U. S. Stat. at large 1911, vol. 36, p. 896, under the act approved February 3, 1911. The situation as to this land, set up in the reply, was that it was a portion of what was supposed to be the grant of the Colony of Refugio; had been held and possessed by appellee and his grantors for many years under a claim of right under a belief that it was within the confines of the said grant; that under confirmation of the grant by the Court of Private Land Claims, the land in question, with other lands, was held to be outside the limits of the grant. The act of Congress referred to authorized persons so situated to apply to the Secretary of the Interior for a patent to such lands and, upon satisfactory proof of certain facts being adduced, directed the Secretary to issue patent therefor. That appellee had applied for a patent to all such land, excepting about six acres, and that the same had been patented to appellant, after the lands had been conveyed to him by Lauson. As to the cause of action set forth in the counterclaim for breach of warranty against incumbrances, it was alleged in the reply that appellee at the time of his conveyance to Lauson had paid for and discharged all assessments which had been levied upon the land under the lien set up in the counterclaim at the

time of the conveyance, and that, under the contract with the Elephant Butte Water Users' Association, such assessments became a lien only from the time they were levied. The contract, and rights and privileges thereunder, was set forth in detail, and the facts alleged in the reply, if true, showed that at the time of appellee's conveyance there were no liens upon the land.

A demurrer was filed to the reply by appellant, which was overruled by the court, and, appellant electing to stand upon the same, judgment was entered, upon proof adduced on behalf of appellee, foreclosing the mortgage, from which judgment this appeal is prosecuted.

[1] Appellant argues that, as the legal title to a part of the lands described was vested in the United States, there was an eviction on the delivery of any deed to the same. In 11 Cyc. 1130, the general rule is announced as follows:

"Where the title of land attempted to be conveyed is in the public there is such a hostile possession as amounts to an eviction the instant the deed is made. A fortiori a sale of land by the government is such an assertion of paramount title as to constitute an eviction of persons in possession under defective titles."

Other authorities cited by appellant to the same effect are Pevey v. Jones, 71 Miss. 647, 16 South. 252, 42 Am. St. Rep. 486; K. P. Railway Co. v. Dunmeyer, 19 Kan. 539.

Where the outstanding title to land is in the government, this of itself is such a hostile assertion of paramount title as authorized the covenantee to voluntarily submit to it. See note to the case of Morgan v. Haley, 122 Am. St. Rep. 857.

In this case we do not deem it necessary to consider the allegations of the reply as to the covenant of seisin and of warranty because the counterclaim failed to state a cause of action against the appellee.

[2] First, we will consider the covenant of seisin. It will be remembered that appellant was seeking to recover from the remote grantor for breach of this covenant. Lauson, the immediate grantor, was not a party to the suit, and no relief against him was sought. The covenant of seisin is almost uniformly regarded as personal and does not run with the land. This point was settled by this court in the case of Merchants' National Bank v. Otero, 24 N. M. 598, 175 Pac. 781. The court said:

"Neither Otero nor the Salado Live Stock Company acquired any cause of action against the appellant on its covenant of good right to convey, in so far at least as the rights of those parties as intermediate and remote grantees are concerned. The covenant is in praesenti and universally regarded as personal. If broken at all, it is broken when made, and a cause of action thereupon instantly arises in favor of the covenantee, which does not pass to his grantee merely by virtue of the deed of conveyance."

This being true, no cause of action on this covenant accrued to the appellant against appellee, the remote grantor.

[3] Second, as to the covenant of warranty: In the case of Merchants' National Bank v. Otero, supra, the court in speaking of the covenant of warranty said:

"This covenant runs with the land, and inures to the benefit of subsequent grantees, so long as no breach thereof has occurred. The instant a breach of covenant has occurred a chose in action arises in favor of the evicted person, or the one claiming the right and title to the land, and who is in privity with the covenantor, and this chose in action is not transferred or assigned simply by virtue of a deed of conveyance."

Accepting appellant's contention as true, i. e., that where title to land conveyed is in the government of the United States, there is, upon the making of the deed to such land, a breach of the covenant of warranty, giving an immediate right of action, it would necessarily follow that the right of action upon the covenant contained in the appellee's deed to Lauson was in Lauson, and that such right was not conveyed or transferred to appellant

by Lauson. This covenant, as said by this court in the case referred to, runs with the land and inures to the benefit of subsequent grantees so long as no breach thereof has occurred. It is almost uniformly held that the mere existence of an outstanding adverse title is not in itself sufficient to constitute a breach of covenants of warranty. The outstanding title must first be pressed upon the covenantee and hostilly asserted before he can maintain an action on the covenants. See note to Morgan v. Haley, 122 Am. St. Rep. 856, and cases cited.

Appellant then is in this situation: (a) He is precluded from asserting as against appellee, his remote grantor, a breach of the covenant of warranty, because the outstanding title was not pressed upon him and asserted by the government of the United States, such title being in it; or (b) the outstanding title being in the government of the United States at the time appellee made his deed to Lauson, the covenant was thereupon breached, and the cause of action accrued to Lauson, which was not transferred to appellant by Lauson's deed. Under either proposition appellant's counterclaim failed to state a cause of action, because (a) there was no assertion by the United States of its paramount title, or (b) the cause of action on appellee's covenant accrued to Lauson and was not transferred to appellant.

Whether the decisions holding that the existence of the paramount title in the United States of America operated, without assertion by the government of such title, as a breach of the covenant of warranty at the time the deed was made from appellee to Lauson, need not be decided. There might be a distinction, on principle, between this case and the cases so holding, in this: In all of the cases to which our attention has been called, the public land in question was open to home-stead entry, and the assertion of title to the same without right was unlawful. The land in question here, however, was held under color of title under a claim of right, as decided by this court in the case of Third Nat. Exchange Bank v. Smith, 20 N. M. 264, 148 Pac. 512,

which case was affirmed by the Supreme Court of the United States. See 244 U. S. 184, 37 Sup. Ct. 516, 61 L. Ed. 1071.

[4] This leaves only for consideration the covenant against incumbrances.

It is probably true that the reply stated a defense to the counterclaim by alleging that, at the time appellee made the deed to Lauson, appellee had paid all the taxes and assessments that had been levied against the property; that under the contract with the water users' association assessments for the construction of the irrigation works did not become a lien upon the land until they were levied. First Church of Christ Scientist v. Cox, 47 Ind. App. 536, 94 N. E. 1048.

But even assuming that there was a breach of appellee's covenant against incumbrances in the deed to Lauson, this covenant did not run with the land, and, if incumbrances existed, the covenant was broken when made, and the cause of action thereon did not pass to appellant. Devlin on Real Estate (3rd Ed.) § 905.

In 7 R. C. L., p. 1163, it is said:

"According to the great weight of authority, the covenant against incumbrances is a covenant as to things existing at the time it is made. If broken at all, it is broken at the moment it is made, and a cause of action then exists, which does not pass by force of any conveyance purporting to grant the premises."

See, also, Sutherland on Damages (4th Ed.) § 621.

To hold otherwise would be to depart from the rule announced in the case of Merchants' National Bank, supra.

As the counterclaim fails to state a cause of action against the appellee, the judgment in favor of appellee was correct. It will therefore be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.