[No. 2903.   Feb. 18, 1926.]

KNIGHT v. COX et al. SAME v. LEE et al. SAME v. FALL et al.

[245 Pac. 250.]

### SYLLABUS OF THE COURT.

1.   Covenants for quiet enjoyment and of general warranty will sustain an action by remote grantee, evicted under an incumbrance, though the deed also contains a covenant against incumbrances not running with the land.

2.   A covenant against incumbrances, not running with the land, creates no privity between grantor and remote grantee, who, suffering eviction under an incumbrance, and suing on a covenant for quiet enjoyment, is not chargeable with laches for failure to remove the incumbrance.

Appeal from District Court, Otero County; Ed Mechem, Judge.

Three separate actions by Eli Knight against William W. Cox and another, against Oliver M. Lee and another, and against Albert B. Fall and another, consolidated for trial and appeal. From separate judgments for the plaintiff, defendants appeal. Affirmed.

Holt & Sutherland, of Las Cruces, for appellants.

E. L. Medler, of El Paso, Texas, for appellee.

### OPINION OF THE COURT.

WATSON, J.   Three separate judgments were rendered in the court below in favor of the plaintiff (appellee) against the defendants, respectively, in actions upon covenants contained in deeds of conveyance. As the facts and legal principles involved were identical, the causes were consolidated for trial and appeal.

Appellants were each owner of an undivided one-third interest in the real estate in question. One W. D. Tipton acquired title to these premises by deed from appellant Fall and his wife, dated December 27, 1904, by deed from appellant Lee and his wife, dated Decem-

[1] 15CJ p. 1228 n. 58 New. [2] 15CJ p. 1247 n. 16; p. 1294 n. 8 New

ber 27, 1904, and by deed from appellant Cox and his wife, dated January 29, 1905. Each of these deeds contained these covenants:

"And the said parties of the first part, for themselves, their heirs, executors, and administrators, doth covenant and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivering of these presents they are well seized of the premises above conveyed, as of a good, sure, perfect, and indefeasible estate of inheritance, in law in fee simple, and have good right, full power, and lawful authority to grant, bargain, sell, and convey the same in manner and form aforesaid; and that the · same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, and incumbrances, of what kind and nature soever, and the above-bargained premises, in the quiet and peaceable possession of the party of the second part, his heirs and assigns, against all and every person or persons lawfully claiming or to claim, the whole or any part thereof, the said parties of the first part shall and will warrant and forever defend."

April 10, 1907, said Tipton, joined by his wife, conveyed said premises to the appellee by deed containing the same covenants.

After setting forth the foregoing facts, the complaint, in substance, alleged that the covenant for quiet enjoyment contained in the first of the deeds above mentioned was breached by the defendants in the following manner: That at the time of the conveyances by the appellants to Tipton, taxes for the year 1902 had been levied and assessed upon said real estate, and had become a lien thereon; that thereafter, in due course, said real estate was sold for taxes for said year 1902 to one Fairless, who, thereafter, and on the 24th day of July, 1911, obtained tax certificate and tax deed for said premises; that on February 24, 1912, appellee commenced suit against said Fairless to quiet his title to said premises, as the result whereof this court sustained the Fairless tax title, so obtained, and decreed that plaintiff had no right, title, or interest in or to the said premises, whereby, on December 7, 1917, plaintiff was evicted therefrom and lost possession thereof.

To these complaints demurrers were interposed, which were overruled. Appellants electing to stand

upon their demurrers, and having stipulated as to the amount of damages to which appellee was entitled, if any, judgments were entered for such amounts.

Appellants' first contention is double: First, that the legal effect of the complaint is to seek, and of the judgment to allow, damages to the grantee of a covenantee against incumbrances; and, second, that such a covenant is one in praesenti, broken, if at all, when made, and does not run with the land. Many authorities are cited to the second proposition, including Beecher v. Tinnin, 189 P. 44, 26 N. M. 59. Appellee concedes the correctness of this proposition, but not of the first. His position is: First, that the legal effect of the complaint is to seek, and of the judgment to allow, damages to the grantee of a covenantee for quiet enjoyment; and, second, that such covenant runs with the land. To his second proposition, he cites authorities, including Merchants' National Bank v. Otero, 175 P. 781, 24 N. M. 598. This proposition is, we take it, conceded by appellant, and is doubtless sound.

It being thus conceded that no recovery could have been had by appellee upon the covenants against incumbrances, the question is whether the complaint and judgment can be sustained under the covenants for quiet enjoyment.

Appellants argue that the origin and substantial ground of the cause of action is the breach of the covenant against incumbrances, and that the right of action is limited to the person to whose benefit such a covenant inures. They contend that, while the complaint alleges eviction, the specific facts pleaded all relate to and show a breach of the covenant against incumbrances. They say:

"The mere averment of a breach of the covenant for quiet enjoyment is not sufficient in itself, especially when coupled with the allegations that such breach consisted of or resulted from a breach of the covenant against incumbrances."

To this proposition no authorities are cited.

[1] As a mere matter of construction of the plead-

ing, the case presents no difficulty. It is clearly alleged that appellee was evicted December 7, 1917, by paramount title, which title grew out of taxes, a lien on the premises when appellants conveyed them, and the existence of which lien unquestionably constituted a breach of the covenant against incumbrances. The complaint counts upon the eviction as a breach of the covenant for quiet enjoyment if any pleading could. If the judgment is bad, it is not because of defective pleading but because of a want of a cause of action to plead. The question is this: If the two covenants stand together in the same deed, what effect do they have on each other? Does the covenant against incumbrances limit the quiet enjoyment covenant so that the latter is excluded from the field of the former? Both covenants appear to have been breached. Is it any less a breach of the one that it is also a breach of the other?

It is laid down in 7 R. C. L. 1152, title "Covenants":

"The foreclosure of a mortgage, followed by an eviction, is a breach of covenants of warranty, and eviction under foreclosure of a mortgage existing on property at the time it is conveyed with a covenant of general warranty gives a remote grantee a right of action on the covenant, notwithstanding there were other covenants in the deed which would have given the immediate grantees a right of action because of the incumbrance, as soon as the deed was executed."

To this text is cited Williams v. O'Donnell, 74 A. 205, 225 Pa. 321, 26 L. R. A. (N. S.) 1094, and note, which case is cited and relied on by the appellee. There eviction resulted from foreclosure of a mortgage subsisting when the defendants conveyed. The deed contained a general covenant of warranty. Under the statute, a special covenant against incumbrances was implied from the use of the words "grant, bargain, and sell." The pleading and the defense were very similar to those in the case at bar. The court said:

"The statement filed is too explicit and definite to leave in doubt just what the breach complained of was; it was the plaintiff's eviction by a paramount title, and there was but one covenant in the deed, the general warranty, that gave indemnity against this. Whether in addition to this warranty

the deed contained other covenants, express or implied, which would have afforded to the immediate grantees of defendants protection against incumbrances, or whether the general warranty included as well a covenant against incumbrance, were questions wholly aside. If there were such covenants, it by no means follows that they superseded or in anywise impaired the force of the general warranty against eviction, no matter how the eviction might occur, only so as it resulted from the assertion of a paramount title."

Of course, in Williams v. O'Donnell the question was between an express covenant of warranty and an implied covenant against incumbrances. In some jurisdictions, and probably in this, implied covenants are excluded where there are express covenants. Douglass v. Lewis, 9 P. 377, 3 N. M. (Gild.) 596, affirmed 9 S. Ct. 634, 131 U. S. 75, 33 L. Ed. 53. The Pennsylvania court, however, did not trouble itself with that question. It decided the case upon the assumption that the covenant against incumbrances was in the deed by statutory implication. So the situation which the court assumed was identical with the situation in the case at bar, except that there the judgment was based on a covenant of warranty, while the judgment here is defended on a covenant for quiet enjoyment. The differences between those two covenants are slight, and we know of none that would affect the present question. Indeed, if necessary to support the judgment, we think the complaint might well be construed as counting upon a breach of the covenant of warranty. It alleges the existence of such covenant and facts showing a breach thereof. We find no essential distinction between the Pennsylvania case and the case at bar, and we see no flaw in the reasoning of that case.

The case note cited (26 L. R. A. [N. S.] 1094) is entitled:

"Will a covenant of general warranty sustain an action by remote grantee evicted under an incumbrance, where the deed also contains covenants against incumbrances not running with the land?"

The author says:

"There is but little direct authority upon the question presented in the foregoing case."

He excludes certain lines of cases from the scope of

the note, and is then able to present only "a few cases which bear somewhat upon the question." The state of facts leading to this action, and the judgment herein, must have had many parallels. The dearth of authority makes us the more confident in holding that the presence in the deed of the covenant against incumbrances has no effect to limit the scope of the covenants for quiet enjoyment and of warranty.

Appellants' second and only other proposition is that plaintiff could not recover because of his laches. It is contended that he should have paid off the tax lien, or redeemed from the tax sale, thus at least minimizing the damages. It is argued that plaintiff had constructive notice of the tax from April 10, 1907, when he purchased, and might have protected his title and minimized the damages at any time up to July 24, 1911, when the tax deed passed to Fairless.

[2] We think this contention clearly unsound. The covenant against incumbrances, as demonstrated in appellant's brief, did not run with the land. As to that covenant, there was no privity between appellee and appellants. Had appellee paid off the lien, or redeemed from the sale, he would have had no recourse to appellants. He could have looked only to his immediate grantor, who might have been insolvent. If appellants owed appellee no duty to pay off the incumbrance, then clearly appellee owed appellants no duty to pay it. If appellee was under no duty to pay, how can he be charged with laches for not having done so? Two courses were legally open to appellee. He could protect his title at his own expense, or he could await eviction and enjoy indemnity. To require him to do the former, at the peril of being charged with laches, is to require him not to minimize the damages, but to suffer them.

Whether facts might have been brought into the case by answer which would constitute an estoppel by laches, we need not consider. We are satisfied that the complaint demurred to makes no case of laches.

Not having found any error, we affirm the judgment, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.