CLYDE et al. v. RICHMOND & D. R. CO. et al.

Ex parte POWELL.

(Circuit Court, D. South Carolina. June 22, 1893.)

1. RAILROAD COMPANIES—RECEIVERS—JUDGMENT—LIEN.
  Petitioner furnished materials that were used in the roadbed of a railroad that was leased to the R. & D. Co., and operated as part of its

system. This lease was afterwards annulled. Petitioner recovered a judgment against the R. & D. Co., and pending his action receivers were appointed for the whole system. *Held*, that the judgment could not operate as a judgment against the receivers, nor bind the realty in their hands, for it was not in existence when they were appointed.

2. SAME—INTERVENTION—JURISDICTION—DISTRICT.

The receivers were appointed by the circuit court of the eastern district of Virginia, of which the R. & D. Co. was a citizen. Their authority was extended and confirmed in ancillary proceedings in the circuit court for the district of South Carolina, in which part of the system, including said leased road, was situated. Petitioner proceeded in the latter court, praying that his claim be paid out of income, in preference to any mortgage lien, as being for materials that had assisted in keeping the system a going concern. *Held*, that the court which originally appointed the receivers is the forum wherein he should seek relief.

3. SAME—DISMISSAL.

As the claim is a meritorious one, the petition in the South Carolina court will not be dismissed, but will be retained, in order, if possible, to assist petitioner in enforcing its payment.

In Equity. Petition by M. P. Powell in the suit of William P. Clyde and others against the Richmond & Danville Railroad Company and others.

Ellis G. Graydon, for petitioners.

Cothran, Wells, Ansel & Cothran, for respondents.

SIMONTON, District Judge. This case presents some novel features. The petitioner holds a judgment against the Richmond & Danville Railroad Company. The judgment was obtained in the court of common pleas for Abbeville county, S. C., 21st June, 1892. The cause of action was the price and value of certain cross-ties furnished by the plaintiff to the defendant for use upon the roadbed of the Port Royal & Western Carolina Railway Company in February, 1892. The amount of verdict and costs is $365.49. The prayer of the petition is that the receivers in the main cause be directed to pay this judgment out of income. The Richmond & Danville Railroad Company is the name of a system of railroads embracing others, besides the road from Richmond, in Virginia, to Danville, in the same state, which has given its name to the system. Of these railroads some are owned by the system, others are controlled by it by means of the holding of the majority of voting power therein, and others are held under long leases. With scarcely an exception, if there be any exception, each one of the railroads so owned, controlled, and leased is under its own mortgage securing interest-bearing bonds issued by it before it became a part of the system. Besides this, the Richmond & Danville Railroad system held under lease the entire system of the Central Railroad & Banking Company of Georgia. This system likewise consisted of railroad lines owned, controlled, and held under lease by the Central Railroad & Banking Company. Among the roads in this last-named system, and so embraced in the lease to the Richmond & Danville system, was the Port Royal & Western Carolina Railway Company, for which road the cross-ties furnished by the petitioner were used. This railway company is also under mortgage securing interest-bearing bonds executed by that company itself before it

became a part of the system. This lease was in operation in February, when the cross-ties were furnished, but it was canceled and annulled the 1st April thereafter. On the 15th June, 1892, the whole Richmond & Danville system was put into the hands of receivers named in the main cause. The original proceedings were taken and the decree made in the circuit court of the United States for the eastern district of Virginia. Auxiliary or ancillary proceedings were had in this court on 18th day of June, 1892, following, and the receivership was extended to and confirmed as far as respects the property in this jurisdiction. It thus appears that when the cross-ties were furnished by the petitioner and placed on the Port Royal & Western Carolina Railway (February, 1892) that road was included in a lease held by the Richmond & Danville Railroad system. That before any judgment had in this cause of action—perhaps before suit brought thereon—the lease was annulled, (April 1, 1892.) That pending suit on this cause of action, and also before judgment, (15th June, 1892,) the Richmond & Danville Railroad system was placed in the hands of receivers. Finally, that judgment was entered in favor of petitioner against the Richmond & Danville Railroad Company on 21st June, 1892. There can be no doubt that this judgment is a good claim against the Richmond & Danville Railroad Company. The petitioner prays that she may be let in as on a claim preferred to any mortgage liens, to be paid for out of the income in the hands or control of the receivers.

It has been established by decisions of the supreme court of the United States that, when a railroad and its property come into this court at the instance of mortgage creditors seeking to realize their liens, provision must be made for all such creditors who within a reasonable time—put usually at six months—furnished materials and supplies to the company, necessary to keep it a going concern. When there has been a diversion of earnings, either in permanent improvements or to interest, this provision is met out of earnings and sometimes out of the proceeds of sale, and takes precedence of the mortgage lien. Fosdick v. Schall, 99 U. S. 235; Burnham v. Bowen, 111 U. S. 776, 4 Sup. Ct. Rep. 675; St. Louis, A. & T. H. R. Co. v. Cleveland, C., C. & I. Ry. Co., 125 U. S. 673, 8 Sup. Ct. Rep. 1011. Even where there has been no such diversion the court may, as the condition of granting relief, insist that sums due for labor be paid. Finance Co. of Pennsylvania v. Charleston, C. & C. R. Co., 49 Fed. Rep. 693, and 48 Fed. Rep. 188. And in some cases in which mortgage creditors whose debts have matured have stood by and permitted the debtor road to go on the court has given the same preference to labor, supplies, and material, as they kept the property of the mortgagees a going concern. This preference has been enforced when the property came into this court. Trust Co. v. Souther, 107 U. S. 592, 2 Sup. Ct. Rep. 295. This equity, as it is called, is not enforced when the mortgage creditors are not the parties asking relief and the appointment of the receiver; certainly not when they are not parties to the suit. Kneeland v. Trust Co., 136 U. S. 96, 10 Sup. Ct. Rep. 950. The displacement of a lien secured by contract is a serious thing, and it would appear

that the supreme court of the United States is coming to the conclusion that the doctrine originating in Fosdick v. Schall, and applied in the late cases, should not be extended. Kneeland v. Trust Co., 136 U. S. 89, 10 Sup. Ct. Rep. 950. In the present case we have proceedings instituted by persons who are not mortgage creditors against the Richmond & Danville Railroad Company. The cross-ties were used for the Port Royal & Western Carolina Railway, but no question can be made as to equities growing out of this fact, for neither that railway nor its mortgagees are parties to this suit. Besides this, the petitioner has elected as her debtor the Richmond & Danville Railroad Company, and has merged her claim in a judgment against that company. Nor does this judgment operate as a judgment against the receivers, nor bind the realty in their hands as such receivers, for it was not in existence at the date of their appointment. Jennings v. Railroad Co., 23 Fed. Rep. 570.

This is a claim against the receivers, which can have no standing except this. The materials were furnished to one of the railroads operated under the Richmond & Danville system, and to that extent assisted in keeping the whole system a going concern. A certain amount of income was made in the operations of this system, which came into the hands of these receivers. The materials supplied by the petitioner directly or indirectly contributed to this income. The petitioner asks that she be paid out of this. It would seem that the only forum in which this claim can be decided is that in which the original proceedings under which the receivers were appointed were had. This is the circuit court of the United States for the eastern district of Virginia. Central Trust Co. v. East Tennessee, V. & G. R. Co., 30 Fed. Rep. 896. In that court an order was entered 28th June, 1892, calling upon all claimants of the rank of this petitioner to prove their claims before special masters in Richmond, Va., by a day certain. This order was duly published in Columbia, in South Carolina. The time, it is true, has elapsed; but under well-known practice in equity permission may be given now to intervene if the fund is not distributed. At all events, as the receivers file their accounts in Virginia, and not in this district, the court there alone knows the condition of the estate, and for this reason application should be made there. Jennings v. Railroad Co., supra. The petition will not be dismissed. Let it be retained, in order, if possible, to assist the petitioner in obtaining payment of her claim, which is so manifestly just.