Ruffin, C. J.
 

 If the trusts charged in the bill had been those, on which the gifts were made, they would have
 
 *384
 
 been contrary to the policy of the law and void : and, of consequence, there would-be a resulting trust for the plaintiffs. But the trusts disclosed in the answer for the emancipation and removal of the slaves are not unlawful. They are, indeed, in accordance with the policy plainly appearing in the act of
 
 1830;
 
 which,
 
 moreover,
 
 always prevailed here, provided only the emancipated slaves were carried, and kept, without our borders. If those trusts had been expressed in the will, they would undoubtedly be valid, and the executor and donee in trust would be compelled to execute them.
 
 Cox
 
 v.
 
 Williams, 4
 
 Ired. Eq. 15. When this case was here before, it was held, that the trusts would be no less obligatory on him in conscience and by the law of this Court, if the gifts were in fact made upon such express trust, though not declared in the will, but resting in -personal confidence between the parties. The defendant, when he acknowledges the trust, cannot be allowed to hold the property to his own use. The.onty questions in such a case are, as to the effects of his breach of trust in not emancipating the slaves according to the laws of the State and deporting them, and as to the modes of enforcing the execution of the trust. We suppose, that one, who accepts the property upon such trusts,is bound to execute them, and that, having once undertaken the trust, he may be compelled to preform it in those methods, which the law prescribes for the benefit, alike of the subjects of ihe trust and the public security; and it would seem that he could certainly be thus compelled, either at the instance of the Attorney General, by regarding such disposiitons in the light of charities, or at the suit of the negroes themselves, upon the capacity imparted to them by their incipient right to freedom under the wi! 1 of their former owner, as authorised by the statute. If that be so, the right of the next of kin would seem to be extinguished by the creation of such a trust; for it it does not belong to them to enforce it, nor
 
 *385
 
 does the breach of it work any injury to them, but only to the negroes or the State. However, it is not incumbent on the Court now, nor, perhaps, is it proper, to discuss the' rights of the next of kin, in the event the defendant should fail to emancipate the negroes and carry them away, after he may do so without impediment, since this defendant submits to perform those trusts, according to law, under the direction of the Court, and it is to be presumed for the present that he will. The act of 1830 authorises the owner of a slave to direct the emancipation by will; and, of course, it is obligatory on the executor to do what is necessary to effect; it. But the act further requires, that, in order to obtain a grant of the emancipation from the Court, the executor shall give bond to answer to the creditors of the testator for the value of the slave, and also a bond in the sum of $1000 for each slave, that such slave shall be of good behaviour while in this State, and will leave it within ninety days and never return. Where a person aeting in the character -of executor and trustee submits to proceed in the execution of the trust under the direction of the Court, those acts must, of course, be included in the directions, as they are for the security of creditors and in furtherance of the public policy; and a reasonable time allowed for procuring the emancipation and effecting the removal of the negroes — which, as the proceedings are to bq in the Superior Court, one year would, in this instance, probably be. It must be declared, therefore, that the trust to emancipate the slaves in question, as disclosed in the answer, is lawful and proper to be executed by procuring or making the emancipation in the manner prescribed by the Statute in such case made and provided ; and the defendant is allowed one year from this time to effect the same. When he shall have refused or failed to do so, it will be time enough to consider, whether the present plaintiffs can take benefit thereby; and, until that period, that point is reserved. It will be
 
 *386
 
 time enough then, because, if the'defendant should in that manner perform the trust, the next of kin would certainly have no rights in the matter; and it is not to be supposed the defendant will not perform a trust, which he submits to perform and about the execution of which he professes a sincere and conscientious desire.