ANTIETAM PAPER COMPANY v. CHRONICLE PUBLISHING COMPANY et al.

*Corporation Mortgage, Validity of—Priority of Claims for Materials Furnished a Corporation Over Previous Mortgage.*

1. Corporations other than railroad companies have a general power to mortgage their property, unless prohibited by some provision in the charter, the right to mortgage being a natural result of the right to incur an indebtedness.

2. A mortgage executed by a corporation pursuant to a resolution adopted by a majority of the stockholders at a meeting which was specially called, but was not a "regular general meeting," is valid against creditors of the corporation other than the mortgage creditors.

3. In the absence of fraud and of objection on the part of the stockholders, defects in a proceeding by which the assent of the stockholders is given, cannot invalidate the mortgage unless they are of such a substantial character that the giving of the assent cannot be inferred.

4. Materials furnished to a corporation which in no sense attach to or enhance the value of the property, do not, under the provisions of section 1255 of *The Code*, have priority as to lien over a previously recorded mortgage.

This was a creditor's suit, tried before *Hoke, J.*, and a jury, at April Term, 1894, of WAKE Superior Court. It was brought

for the purpose of collecting the assets of the Chronicle Publishing Company, and having the proceeds of the same distributed among its creditors according to their respective priorities.

The main questions involved were the validity of the mortgage executed by the defendant corporation to Josephus Daniels, and the preference claimed by certain creditors, who had furnished supplies consumed. in the operations of the company, over the mortgage, under section 1255 of *The Code.* The verdict and judgment sustained the validity of the execution of the mortgage, and his Honor adjudged that the claims of the " material" creditors were not entitled to the priority claimed.

The plaintiffs and defendants, except Daniels, appealed, and both appeals were considered together.

*Messrs. J. W. Hinsdale* and *Armistead Jones*, for plaintiff.

*Messrs. Haywood & Haywood* and *C. M. Busbee*, for defendant Holt.

*Messrs. Strong & Strong*, for defendant Raleigh Paper Mills.

*Messrs. R. O. Burton* and *W. N. Jones*, for defendant Daniels.

SHEPHERD, C. J.: This is a creditor's bill brought for the purpose of collecting the assets of The Chronicle Publishing Company, and applying the same to the claims of its various creditors. The receivers appointed by the Court having sold the property of the said defendant, and there now being in their hands the proceeds of such sale, it become necessary to determine the claims of the several creditors to the said fund.

1. We are clearly of the opinion that the mortgage to Josephus Daniels was properly executed under the Act of 1893, chapter 95, and the only point made against the validity of the said mortgage which seems to be seriously insisted upon, that it was not authorized by a regular general meeting of

the stockholders. The mortgage was made pursuant to a resolution of a majority of the stockholders at a meeting held by them on the 19th of March, 1892, which was not "a regular general meeting." It is well settled that corporations, other than railroad corporations, have a general power to mortgage their property, unless there is some provision in their charters expressly prohibiting or regulating this right. "The right to mortgage is a natural result of the right to incur an indebtedness." Cook on Stock and Stockholders, 760—779. Even where the charter provides as to how the assent of the stockholders is to be given, and this is not strictly followed, "such a provision is regarded as intended for the protection and security of the stockholders, and in the absence of fraud and objection upon their part, defects in the proceeding by which the assent is given cannot be made to invalidate the mortgage, unless they are of such a substantial character that the giving of the assent cannot be inferred. * * * Other corporate creditors cannot raise this objection to the mortgage." Cook, *supra,* note 2, and the authorities cited. In the case before us there is no objection on the part of any stockholder, and, according to the principles above stated, we must hold that the mortgage in question is valid, so far as this action is concerned.

2. Several of the creditors claimed priority over the above mentioned mortgagee under section 1255 of *The Code.* They insist that the articles in question (paper, ink, gas, a cut of Santa Claus, and the like) are "materials furnished" within the above provision. Without discussing the various authorities cited on the argument, we are content to adopt the construction placed upon the statute by this Court in *Bank* v. *Manufacturing Co.*, 96 N. C., 298. The Court said: "We are disposed to concur in the view of counsel for the appellant Hall, that the section, so far as it relates to claims for labor performed or material furnished, pursuing very nearly the words used in section 1781, was designed by its disabling

115—10

effect to more effectually secure the liens given by the Constitution to the laborer (Art. X, sec. 4), and the statute extending the lien to materials furnished. But the lien is further extended to torts, and compensation is provided against any alienation attempted to defeat the claim." After holding that, under the circumstances of that case, machinery or other articles purchased abroad and used in putting up a mill " or facilitating its workings afterwards" was not within the act, SMITH, C. J., remarked that " the consequences would be pernicious and destructive of all fair and safe dealings with corporations, if a secret lien, founded upon a sale by a distant creditor, of which a person had no information or means of information provided by law, could be set up as paramount to his demand, and unless imperatively demanded, such a construction ought not to be put upon an enactment as will lead to this result."

We have examined the numerous authorities to which we have been referred by counsel, but they do not, in our opinion, sustain the contention that the articles furnished by the appellants are embraced by the statute. We do not deem it necessary to enter into a general discussion of the subject. It is sufficient to say that these articles, which in no sense are attached to or enhance the value of the property, cannot be considered as within the spirit or letter of the act.

The order as to the cost was, in this case, within the discretion of the Court.

Affirmed.

*Appeal of defendant Sadler in same case.*

For the reasons given in the foregoing appeal, the judgment is affirmed.