TRUSTEES OF REX HOSPITAL v. E. B. CROW AND J. M. NORWOOD.

(Filed 20 December, 1923.)

**Trusts—Hospitals—Deeds and Conveyances—Mortgages.**

> The owner of lands conveyed them to two trustees to be held for hospital purposes and to receive additional gifts from others for the same purpose, which was later incorporated by the Legislature to create a succession of trustees: *Held,* a later conveyance of adjoining lands by another owner to two other trustees for the purpose of another gift, with power to convey or mortgage the same at the request of the hospital trustees, created an active trust, and in the absence of any charter provision to the contrary, the trustees in the second deed, in accordance with its provisions, were authorized and required to make a mortgage thereon for money necessary to be used for hospital purposes.

CONTROVERSY without action, heard and decided by *Calvert, J.,* at November Term, 1923, of WAKE.

From the facts properly submitted it appears that on 20 July, 1921, Claude E. Barbee and wife, Mrs. Estella K. Barbee, conveyed to defendants as trustees the piece of land in question, adjoining the original Rex Hospital property, for the use and benefit of Rex Hospital and the trustees of same, subject to the other provisions of said deed, among others that: "Said grantees, their heirs and successors as trustees, are hereby given full power and authority to mortgage or otherwise encumber the foregoing property to secure any debt due or to become due by the said trustees of Rex Hospital, or to secure any debt which the said trustees of Rex Hospital may make in the future; and the said parties of the second part, their heirs or successors as trustees, are hereby given full power and authority to mortgage or otherwise encumber the foregoing property to secure any person or persons who may endorse or become otherwise bound for any debt, note or other liability of the said trustees of Rex Hospital.

"Fourth. Whenever, in the judgment of the said parties of the second part, it may seem best, the said parties of the second part are hereby given full power and authority to convey the above-described property to the said trustees of Rex Hospital in fee simple; such conveyance, however, to be subject to any valid encumbrances placed upon the property by the said parties of the second part and then outstanding."

That there is an outstanding indebtedness of said hospital, evidenced by its promissory notes, to the amount of $10,000, incurred in the necessary operation, maintenance and equipment of the institution, and $8,000 additional is imperatively required and necessary to its successful operation, and that plaintiffs have arranged for a loan of this amount with the State and City Bank of Richmond, Va., provided a valid mortgage can be made on the property to secure the same. That plaintiffs have applied to defendants, grantees in said deed, for the execution of a mortgage for the purposes aforesaid, and they have declined on the sole ground that under the terms of said deed from Claude Barbee and wife, Estella Barbee, they take and hold said property subject to the provisions of the charter of incorporation of the hospital, and as said charter contains no express provision authorizing a mortgage, the trustees under said deed are without power in the premises. Upon these facts the court entered judgment as follows:

"It is therefore ordered, adjudged and decreed that the defendants, E. B. Crow and J. M. Norwood, trustees named in the deed of Claude B. Barbee and wife to them, and recorded in Book 380, page 95, as aforesaid, are authorized and empowered to encumber the lands conveyed by Barbee and wife to said E. B. Crow and J. M. Norwood, but not to include any of the lands devised in the will of John Rex for the purposes aforesaid upon the directions of the trustees of Rex Hospital; and in pursuance of the wishes and direction of said trustees of Rex Hospital, have the right to convey said lands in fee by mortgage or deed of trust in as free and ample a manner as shall be proper and necessary to secure the loan of said funds hereinbefore mentioned and set out."

Defendants, grantees in the deed, excepted and appealed.

*W. F. Evans for plaintiff.*
*Womble & Dodgen for defendants.*

HOKE, J. In addition to the facts heretofore stated, it further appears that John Rex died on 29 January, 1839, leaving a last will and testament duly admitted to probate in February following, in which he devised 21 acres of land lying in the southern part of the city of

Raleigh to Duncan Cameron and George W. Mordecai, trustees, for the purpose of having erected thereon an infirmary or hospital for the sick and afflicted poor of the city of Raleigh, and bequeathed to said trustees also, for the endowment of said hospital, his money and personal estate, etc., to be held by said trustees and their successors to be duly appointed, in trust forever, for the erection and endowment of said hospital, and for no other use and purpose whatsoever, etc.

That there being no adequate provision in said will for the appointment of trustees, etc., for the proper and continued governance of said hospital, the Legislature, at the suggestion of said trustees named in the will, and others, at the January Session, 1841, enacted a statute incorporating the hospital and providing a method for the appointment of said trustees and their successors, and empowering them to "receive and hold the property and effects devised and bequeathed by said John Rex in and by his said will, and to use and apply the same to and for the purposes, and none other, specified in said will, and also to receive donations of land and personal estate by deed or will for the purposes aforesaid and none other, and to have succession and to sue and be sued, and have the other powers incident to corporations in regard to the charity created by said will, and for no other purposes, etc."

It will thus be seen that under the provisions of the Barbee deed the trustees named therein have full power to mortgage the property conveyed to them to secure any debt due or to become due by the trustees of Rex Hospital, incurred for the legitimate purposes of the institution, and it becomes their duty to do so for such purposes at the instance of the trustees of said hospital, when definitely and properly determined upon and communicated to them, a duty enforceable by appropriate action or proceedings in the courts. *Thomson v. Newlin,* 41 N. C., 380; *Cox v. Williams,* 39 N. C., 15; 39 Cyc., 510; 36 R. C. L., 1358 *et seq.*

And this being an active trust (*Kirkman v. Holland,* 139 N. C., 185; 39 Cyc., 213), and there being nothing anywhere in the charter in contravention or restriction of this power to mortgage, his Honor was clearly right in the ruling that the defendants carry out and perform the duties placed upon them by the deed under which they hold the property. *Paper Co. v. Chronicle,* 115 N. C., 143; Clark on Corporations, 133-134 *et seq;* C. S., 1126.

There is no error, and this will be certified that the judgment entered be

Affirmed.