\* W. DUKE v. F. D. MARKHAM.

*Corporation—Chattel Mortgage.*

Any conveyance or mortgage of its property executed by any corporation is void and of no effect as to the creditors of said corporation existing at the time of the execution of said deed or mortgage, and who shall commence proceedings to enforce their claims against the corporation within sixty days after registration of the conveyance.

This was a CIVIL ACTION, tried before *Armfield, J.*, at January Term, 1890, of DURHAM Superior Court, for claim and delivery of certain personal property which the defendant, as Sheriff of Durham County, under executions in his hands against the Durham Sash, Door and Blind Manufacturing Company, a corporation, had seized as the property of said corporation and advertised to sell to satisfy said executions.

The plaintiff (as to this appeal) claims by virtue of a chattel mortgage executed to him by said corporation, September 4, 1889, and registered the same day. It was in evidence that the executions were already in the hands of the Sheriff, and had been levied on other property of the corporation when this mortgage was executed by it as indemnity to

---

\* Head-note by CLARK, J.

plaintiff to secure him from loss on a note of the company to which he was surety, and which would fall due November 15th, 1889. The defendant took into possession the property in controversy under said executions on September 5th and 6th, 1889.

The Court held that this mortgage was not valid against the executions levied by defendant, because it had not been registered sixty days, and comes within the terms of the *proviso* in § 685 of *The Code*, and recited a debt of $2,000 in favor of the plaintiff as the consideration, when no such debt was, in fact, due the plaintiff, and directed the jury to find the issues as to this mortgage in favor of the defendant.

To this ruling the plaintiff excepted. Judgment in favor of defendant for all the property described in the mortgage of September 4th, 1889, from which judgment plaintiff appealed.

*Messrs. W. A. Guthrie* and *R. B. Boone*, for plaintiff.
*Messrs. J. S. Manning* and *F. L. Fuller*, for defendant.

CLARK, J.: *The Code*, § 685, provides that " any conveyance of its property, whether absolutely or upon condition, in trust or by way of mortgage, executed by any corporation, shall be void and of no effect as to the creditors of said corporation existing prior to or at the time of the execution of said deed," provided such creditors shall commence proceedings to enforce the claims against said corporation within sixty days after the registration of such conveyance. It is not controverted here that the defendant, as Sheriff, seized the property of the corporation under valid executions against it, which were already in his hands when the mortgage under which plaintiff claims was executed. The statute is explicit, and the power of the Legislature to enact it is unquestioned. The argument *ab inconvenienti* was

forcibly presented by the appellant's counsel. That is a matter which addresses itself to the legislative department and not to the Courts. It is sufficient for us to say, "*Ita scripta est lex*." The Court below properly held the mortgage void as to executions in defendant's hands.

Affirmed.