FINANCE CO. OF PENNSYLVANIA· et al. v. CHARLESTON, C. & C. R. CO. et al.

### Ex parte HUDSON.

(Circuit Court, D. South Carolina.   May 2, 1894.)

CORPORATIONS—FORECLOSURE—JUDGMENT FOR TORT.
   Upon foreclosure of a railroad mortgage, a judgment for personal injuries will take precedence of the mortgage, in the distribution of the proceeds of sale (Code N. C. §§ 685, 1255), although the action on which the judgment was founded was not brought within 60 days of the registration of the mortgage.

This was a petition filed by H. T. Hudson, Jr., in the case of the Finance Company of Pennsylvania and others against the Charleston, Cincinnati & Chicago Railroad Company and others, asking payment of a judgment, rendered in his favor for personal injuries, out of the proceeds of a foreclosure sale, prior to the payment of the mortgage debt.

R. W. Memminger, Jr., and Mitchell & Smith, for petitioner.
Smythe & Lee and P. D. Walker, for receiver.

Before SIMONTON, Circuit Judge, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge.   This petition seeks payment of a judgment against the Charleston, Cincinnati & Chicago Railroad Company from the proceeds of sale, in priority to the mortgage debt.   The petitioner was injured in his person by a train of the Charleston, Cincinnati & Chicago Railroad Company at Blacksburg, S. C., on April 9, 1887.   On 13th October of the same year he brought his action against the railroad company in the state court of Cleveland county, N. C.   In this action he was nonsuited in invitum.   Thereupon, in a very short time afterwards (2d October, 1888), he brought a second action in the same court.   The cause was removed into the circuit court of the United States for the western district of North Carolina, and resulted in a verdict for the plaintiff.   Judgment was entered in the sum of $1,500 and costs, 17th January, 1893.

On 8th October, 1887, a mortgage was recorded in Cleveland county, N. C., executed by the Charleston, Cincinnati & Chicago Railroad Company on 9th August, 1887, covering all the property of the said company, and operating as security for all the first mortgage bonds of the said company, in all nearly $7,000,000.   On 10th day of December, 1890, proceedings for the foreclosure of this mortgage were instituted in the circuit court of the United States for the district of South Carolina, under which proceedings D. H. Chamberlain was appointed receiver.   Ancillary proceedings were filed in the circuit court for the western district of North Carolina, and the same receiver recognized and appointed.   The proceedings resulted in a sale of all the property of this railroad company for a sum greatly less than the amount due on the first mortgage bonds; the property sold consisting in part of property in the western dis-

trict of North Carolina. The scope and prayer of this petition is to obtain payment of this judgment out of the proceeds of sale in priority to and preference over the mortgage bonds. 'A·petition of the same purport was filed in the circuit court of the United States for the western district of North Carolina. The district judge holding said court, following the practice now fixed, did not entertain the petition, but referred it to this court, in which the original proceedings were had. Clyde v. Railroad Co., 56 Fed. 539; Central Trust Co. v. East Tennessee, V. & G. R. Co., 30 Fed. 896.

The question, then, is, can this judgment take priority in the disbursement of the proceeds of sale over the mortgage which was foreclosed? And this question it is admitted must be determined by the law of North Carolina. The statute law of North Carolina bearing upon this question is found in the Code of North Carolina. This Code was enacted 2d March, 1883, and has force and effect as a whole, as if it were one statute enacted on the same day, without regard to the actual date of the ratification of the Code, and of the acts made a part thereof. Code N. C. § 3876. In section 685, p. 269, under the head "How Corporations May Convey by Deed; Void as to Existing Creditors," we find, after a sentence which authorizes corporations to convey lands and all other property by deed sealed with the common seal and signed by the presiding officer of the corporation and two other members in the presence of witnesses, this provision is made:

"But any conveyance of its property, whether absolutely or upon condition, in trust, or by way of mortgage executed by any corporation, shall be void and of no effect as to the creditors of said corporation, existing prior to, or at the time of the execution of said deed, and as to torts committed by such corporation, its agents or employees prior to, or at the time of the execution of said deed: provided, said creditors, or persons injured, or their representatives shall commence proceedings or actions to enforce their claims against said corporation within sixty days after their registration of said deed, as required by law."

Were this the only provision of the Code, the question would not present much difficulty. The injury was inflicted the 9th April, 1887. The mortgage was recorded 8th October, 1887. The action in which the judgment was recovered began October 2, 1888. This action, it is true, was brought after nonsuit, but it is entirely independent of, and cannot be connected with, the first action, which is as if it never existed. Wilson v. Insurance Co., 27 Vt. 99; Riddlesbarger v. Insurance Co., 7 Wall. 386; Harris v. Dennis, 1 Serg. & R. 236; Busw. Lim. & Adv. Poss. § 362; State v. Hankins, 6 Ired. 428; Barino v. McGee, 3 McCord. 452; Best v. Town of Kinston, 106 N. C. 205, 10 S. E. 997.

But in the same Code, and enacted at the same time as part thereof, is section 1255, p. 499, which declares:

"Mortgages of incorporate companies upon the property or earnings, whether on bonds or otherwise, hereafter issued, shall not have power to exempt the property or earnings of such incorporations from execution for the satisfaction of any judgment obtained in courts of the state against such incorporation for labor performed, nor for material furnished such incorporation, nor for torts committed by such incorporation, its agents or employees, whereby

any person is killed or any person or property injured, any clause or clauses in such mortgage to the contrary notwithstanding."

Clearly, these two sections have the same sanction, and are of equal authority. They must be reconciled, else both provisions must fail. Both became law at the same moment of time, and the positions occupied by them cannot control the validity of either. Code N. C. § 3876. Do they really conflict? There are some differences between them. Section 685 relates entirely to claims, choses in action, creditors of every description by contract or tort of all kinds. Section 1255 is confined wholly to executions upon judgments obtained in the courts of North Carolina, without qualification,—"any judgment."

Section 685 applies to every class of creditors and every class of torts, provided that the creditors are in existence, or the torts be committed prior to or at the time of the registration of the deed. Section 1255 applies only to certain classes of creditors,—those for labor performed and for material furnished such corporation; and to a limited class of torts,—those whereby any person is killed, or any person or property injured. Section 685 applies to deeds and conveyances of every description, and gives the artificial being— the corporation—the right to execute them. Section 1255 is confined to mortgages. Section 685 invalidates and annuls all deeds of every kind as to those classes protected by it who fulfill the conditions of the statute; and, if they act, the deed becomes a nullity. Section 1255 does not impair the validity of the mortgage, or affect it, save and except that certain creditors and certain persons suffering from its acts may look to its earnings and its property for relief, notwithstanding the mortgage. The provisions of section 685 manifestly are designed to prevent a fraudulent conveyance by a corporation contemplating insolvency to the detriment of its existing creditors. It recognizes the principle that the property of an insolvent corporation is a trust fund for the benefit of its creditors. Giving to this creature of the law the rights of property of a natural person, the statute in express terms protects its existing creditors from fraud in disposition of this property.

The provisions of section 1255 manifestly recognize that equity which, in the decisions of the supreme court, underlies Fosdick v. Schall, 99 U. S. 235, and the cases following it. Whoever contributes to keep a corporation a going concern by materials or labor must be provided for before mortgage creditors can claim out of the earnings; and so also all expenses incident to the keeping it a going concern, including in these expenses all damages for injuries done to life, person, or property in keeping up this life of the company, enjoy the same preference. The original act, which has been incorporated and re-enacted in the Code as section 685, was passed in 1798. At that time corporations were comparatively in their infancy. The act which came into the Code as section 1255 was passed originally in 1879. Between 1798 and 1879 corporations had largely increased in number and importance. They are used in every department of business. They control almost the entire

operation of manufacture, and they have engrossed the carrying trade. They now employ vast bodies of laborers. They create a constant demand for materials. They make use of plant and machinery dangerous to human life, persons, and property. They incur large debts, and the practice is almost universal of adding to their working capital by the issue of bonds secured by mortgage. The act was passed to meet this changed condition. The very life of corporations, their usefulness to their stockholders, and to their mortgage bondholders, who are almost as much interested in their well-being as the stockholders, require and demand the ready procurement of labor, facility in the purchase of materials, and the employment of plant and machinery involving the dangers to which allusion has been made. This last-named statute was passed to secure labor and materials, and to give ample protection against the necessary consequences of the use of plant and machinery. It has been earnestly urged that these two sections should be read in pari materia; that the limitations, or perhaps we should say the condition precedent of the replacing section 685, should also be read in connection with section 1255. But such a construction would seem to defeat the intent of this section. Its beneficial provisions would be limited to the period of 60 days from the registration of the mortgage, and thenceforward all debts for labor and material, and all claims for injury to life, person, and property would be subjected to the prior lien of the mortgage debt, and in many, if not in all, cases would be barred of relief.

It appears to us that this judgment and the execution thereon are protected by section 1255, and that the amount therein set out should be paid in preference to the mortgage debt. There have been no earnings. The property has been sold, and provision has been made for the payment of claims of this character. Let the claim be paid out of the proceeds of sale if these be sufficient for this purpose.

BRAWLEY, District Judge, concurs.