### BOSTON SAFE-DEPOSIT & TRUST CO. v. HUDSON.

(Circuit Court of Appeals, Fourth Circuit. May 28, 1895.)

#### No. 93.

**JUDGMENTS—PRIORITY OVER MORTGAGES—NORTH CAROLINA STATUTES.**

Under the North Carolina Code, which provides, in section 685, that conveyances by corporations, whether absolute or by way of mortgage, shall be void as to existing creditors and torts previously committed, provided such creditors or persons injured shall commence suit within 60 days after the registration of the deed; and, in section 1255, that mortgages by corporations shall not exempt their property from executions on judgments for labor or materials furnished, or for torts by which any person is killed or person or property injured,—a judgment against a railroad company for a tort causing injury to the person is superior to a mortgage executed after the tort was committed, though the action was not brought within 60 days from the registration of the mortgage.

Appeal from the Circuit Court of the United States for the District of South Carolina.

This was an application by H. T. Hudson, Jr., for payment to him, out of the proceeds of sale under foreclosure of the Charleston, Cincinnati & Chicago Railroad, of the amount of a judgment obtained by him against the railroad company. The circuit court granted the application. 61 Fed. 369. The Boston Safe-Deposit & Trust Company, the plaintiff in the foreclosure suit, appeals. Affirmed.

This is an appeal from the decree of the circuit court ordering a judgment of the appellee, Hudson, to be paid out of the proceeds of the sale of the Charleston, Cincinnati & Chicago Railroad in preference to the claim of the first-mortgage bondholders. Hudson, while in the employ of the railroad corporation in the state of North Carolina, was injured April 29, 1887. He entered suit against the corporation October 13, 1887. In that suit judgment of nonsuit, in invitum, was entered against him at the August term, 1888. On October 2, 1888, he entered a second suit, in which he recovered judgment for $1,500 and costs. The railroad corporation, on August 9, 1887, after the injury to Hudson, executed a mortgage to secure a large issue of first-mortgage bonds, which was recorded October 8, 1887. Default having been made in the payment of the interest on the bonds, a decree of foreclosure was entered in this cause, and the railroad property sold. There were no earnings, and the proceeds of the sale were largely insufficient to pay the bonds. Hudson filed his judgment in this case, claiming that, by virtue of the statutes of North Carolina, he was entitled to be paid his judgment in preference to the holders of the mortgage bonds. The dates are as follows: Hudson was injured April 29, 1887; his first suit was commenced October 13, 1887; the mortgage is dated August 9, 1887; the mortgage was recorded October 8, 1887; his second suit was commenced October 2, 1888. The circuit court, by its decretal order, adjudged that Hudson's claim, by the statutes of North Carolina, had priority over the bonds secured by the mortgage, and directed his claim to be paid. To reverse that decree this appeal was taken.

A. M. Lee, of Smythe & Lee, and Platt D. Walker, of Walker & Cansler, for appellant.

Julian Mitchell, for appellee.

Before GOFF, Circuit Judge, and HUGHES and MORRIS, District Judges.

MORRIS, District Judge (after stating the facts). Whether or not Hudson's claim for personal injury was entitled to be paid in preference to the debt secured by the mortgage depends upon the effect to be given to two sections of the North Carolina Code which was adopted in 1883. In adopting this Code, the legislature of North Carolina repealed all other statutes and declared that it should be construed as one act, and as if enacted on one day. The first section is found under the head "Corporations," and is as follows:

"Sec. 685. How Corporations may Convey by Deed; Void as to Existing Creditors. R. C., c. 26, s. 22, 1798, c. 514, s. 4. Any corporation may convey lands and all other property which is transferable by deed by deed of bargain and sale, or other proper deed, sealed with the common seal and signed by the president or presiding member or trustee, and two other members of the corporation, and attested by witnesses. But any conveyance of its property, whether absolutely or upon condition, in trust, or by way of mortgage executed by any corporation, shall be void and of no effect as to the creditors of the said corporation, existing prior to or at the time of the execution of said deed, and as to torts committed by such corporation, its agents or employés, prior to or at the time of the execution of said deed; provided said creditors or persons injured or their representatives, shall commence proceedings or actions to enforce their claims against said corporation within sixty days after the registration of said deed, as required by law."

The second section is found under the head "Deeds and Conveyances," and is as follows:

"Sec. 1255. Property of Corporations not Exempt from Certain Liabilities on Account of Mortgages, 1879, c. 101. Mortgages of incorporate companies upon their property or earnings, whether in bonds or otherwise, hereafter issued, shall not have power to exempt the property or earnings of such corporations from executions for the satisfaction of any judgment obtained in courts of the state against such incorporation for labor performed, nor for material furnished such incorporation, nor for torts whereby any person is killed, or any person or property injured, any clause or clauses in such mortgage to the contrary notwithstanding."

The contention of the appellant is that Hudson's claim, being for a tort committed by the railroad corporation prior to the execution of the mortgage, comes within the proviso of section 685, and does not have priority over the mortgage unless Hudson's action to enforce his claim was commenced within 60 days after the recording of the mortgage, and that, although Hudson's first action was so commenced, as he was nonsuited in that action and did not commence the action in which the judgment now filed was obtained until one year after the recording of the mortgage, he has not brought himself within the terms of section 685. The contention of the appellant as to section 1255 is that it applies only to torts which occur after the execution of a mortgage by a corporation, and therefore not to the tort for which Hudson obtained his judgment. The circuit court held (Simonton and Brawley, JJ., 61 Fed. 369) that section 1255 applied to all claims for labor, materials, or torts against a corporation, whether incurred before or after the execution of a mortgage, and that its beneficial provisions were not to be limited by the

proviso inserted in section 685. It is conceded that the precise point in controversy has not been determined by the supreme court of North Carolina, and we are therefore to determine the meaning and effect of the statute by such settled rules of interpretation as are applicable.

In the first place, it is to be presumed that the attention of the legislature was called to the differences and to the similarities in the two sections, and that they were designed. If they run in parallel lines, each covering something that the other also covers, and each covering something that the other does not, still the presumption is that the legislature, out of abundant caution, so intended it. Maxw. Interp. St. 199. There is nothing doubtful or obscure in the words of either section. The difficulty arises solely from the fact that the subject-matter of section 685 is in part also covered by section 1255, and the contention is that as to that part the proviso appended to section 685 should be construed as applying also to section 1255. But it is a rule that a proviso is strictly construed, and should be confined to what precedes it, unless it clearly appears to have been intended to apply to other matters also. Suth. St. Const. § 223; Potter, Dwar. St. 272; End. Interp. St. § 186; Wayman v. Southard, 10 Wheat. 30; U. S. v. Dickson, 15 Pet. 141–165. Before, therefore, the proviso appended to section 685 is made to modify and limit section 1255, it must clearly appear that by no other construction can the two sections stand together. In section 685 the legislature declared that any conveyance of property by a corporation should be of no effect as to existing creditors or existing claims for torts, provided the claimants commenced proceedings within 60 days. In section 1255 the legislature declared that thereafter a mortgage of its property or earnings by a corporation should not exempt its property or earnings from execution on any judgment for labor or materials, or for torts by which persons or property was injured. We have in section 685 an enactment which applies to all conveyances and to all creditors and to all torts. In section 1255 we have an enactment which applies only to mortgages, only to creditors for labor and material, and only to torts which injure persons or property. By section 685 the legislature expressed a general intention with regard to a general subject-matter. Section 1255 expresses a particular intention with regard to more restricted subject-matter. The rule is that when a general intention is expressed, and also a particular intention, the enactment expressing the particular intention shall prevail. Maxw. Interp. St. 202; Suth. St. Const. § 153; Potter, Dwar. St. 131; Vatel's Rules, 40, 273; Stockett v. Bird, 18 Md. 484. We are obliged to give full meaning and effect to both sections, if it be reasonably possible, and we think this is done by considering that the legislature has, first, enacted a general rule with regard to all conveyances made by corporations and with regard to all debts owing at the execution of the conveyances; then, with more particularity, it has enacted a special rule with regard to a particular kind of conveyance, to wit, mortgages, and with regard to a particular class of creditors. By the first enactment it declared that conveyances

should be of no effect only as to existing creditors, and only as to those who should sue within 60 days; by the second enactment it declared, as to mortgages and as to special creditors, that the mortgages should be of no effect at all. We find nothing repugnant or unusual in these two enactments, and we cannot see how it appears that the legislature did not intend just what the words express in each section. It is as if there was a general law that no conveyance by a corporation should be effective against any debt, provided the creditor sued within 60 days after its recording, and another section provided that, as to debts for labor, no mortgage by a corporation should have any effect at all. In this supposed case there could be no doubt that labor claims would be excepted out of the general proviso requiring actions to be brought within 60 days.

Searching for reasons which might have influenced the legislators to make a distinction between claims of the class mentioned in section 1255, when existing at the recording of the mortgage, as distinguished from those contracted afterwards, we find no reason why the one class should be required to proceed within 60 days and the other not be so limited. Where, as under section 685, only existing claims were allowed to displace the conveyance, and subsequent claims had no such right, it was reasonable that creditors who were going to attack the conveyance should do so promptly, or be shut out; but when, as under section 1255, the mortgaged property was declared liable at all times just as if it had never been mortgaged, there does not appear to us any reason why creditors whose claims were in existence at the recording of the mortgage should be required to proceed more promptly than creditors whose claims arise after the recording of the mortgage. A reason could be suggested why those who become creditors after the recording of the mortgage, and therefore with notice of it, should be less favorably considered than those who become creditors when their debtor's property was free from the recorded incumbrance; but no reason occurs to us for the contrary distinction. So far as any inference can be deduced from the order in which the sections appear in the Code, we find section 1255 to be the later one; and, of two passages in a statute, the later one, being the expression of the later intention, should prevail. Maxw. Interp. St. 188. The wording of section 1255 is very indicative of the intention of the legislature to make it impossible for corporations to execute mortgages which should stand in the way of any judgment for labor or materials, or for torts resulting in injury to persons or property. With respect to a corporation, the legislature can grant to it or withhold from it the power to mortgage its property at all, and in section 1255 it is enacted that corporations "shall not have power to exempt by mortgage" their property or earnings from this class of claims. So far, therefore, as this class of claims is concerned, the mortgage is as if it did not exist. The wisdom of this legislation it is not our province to pass upon, but it may be said, as was suggested in the opinion of the circuit court, that the underlying principle is that doctrine of equity which, with regard to one class of corporations and under careful limitations, recognizes a preference in favor of the labor and sup-

plies which have enabled such corporations to keep going and retain their business and franchises.

Several cases have been cited to us from the decisions of the supreme court of North Carolina, but we do not find that they decide the question involved in this case. Blalock v. Manufacturing Co., 110 N. C. 99, 14 S. E. 501, was not a case of a mortgage, but of a deed of trust for the benefit of creditors. To that character of conveyance section 685 was held to be applicable, and it was held that creditors who failed to bring an action until after 60 days had lost the benefit of that section. Duke v. Markham, 105 N. C. 138, 10 S. E. 1003, was a case of a chattel mortgage made by a corporation, but, at the date of its recording, executions on judgments were already in the hands of the sheriff, who thereupon seized the chattels, notwithstanding the mortgage. The court, under section 685, held the mortgage void as against the executions. It was not necessary to consider section 1255, and it was not cited. Traders' Nat. Bank v. Lawrence Manuf'g Co., 96 N. C. 298, 3 S. E. 363, was a case before the enactment of the North Carolina Code, and section 1255 was then part of the act of 1879. So far as the act of 1879 and section 1255, which is taken from it, apply to materials furnished to corporations, the supreme court of North Carolina held that it did not apply to machinery purchased out of the state, when personal security alone was looked to and a negotiable security taken, and the court intimated that, so far as the act related to claims for labor or materials, it was in furtherance of the lien enacted by the constitution and statutes in favor of laborers and material men. But the supreme court recognized that the act was intended also to prevent claims against a corporation for torts from being defeated by a mortgage executed by it. Antietam Paper Co. v. Chronicle Pub. Co., 20 S. E. 366 (decided November 13, 1894) was a case arising under section 1255. In this case the supreme court of North Carolina reaffirmed Traders' Nat. Bank v. Lawrence Manuf'g Co., and held that paper, ink, cuts, and the like, furnished to a publishing company, were not "materials" within the meaning of section 1255. The court held that, not being articles which were attached to or which enhanced the value of the property mortgaged, they were not within the spirit or letter of the section. The court did not have occasion to consider the question of torts, and as torts of the class for which Hudson recovered his judgment in the case in hand are specifically mentioned in section 1255, we cannot perceive how this claim could be held not to be within the letter of the section.

We think the circuit court was right in holding that the mortgage in this case did not exempt the property of the railroad corporation from Hudson's judgment by reason of section 1255, and we do not, therefore, find it necessary to consider whether his suit was brought within the 60 days required by the proviso to section 685. Decree affirmed.