FIDELITY INSURANCE, TRUST & SAFE–DEPOSIT CO. v. NORFOLK & W. R. CO.

(Circuit Court, W. D. North Carolina. October 29, 1898.)

CORPORATIONS—PRIORITY OF LIENS—CONSTRUCTION OF STATUTE.

Code N. C. § 1255, which provides that a mortgage on the property of a corporation shall not exempt such property from execution on a judgment against the corporation for certain specified torts, being in derogation of the common law, must be strictly construed, and cannot be extended to render the property of a railroad company, as against its mortgagee, liable for a judgment against its lessee alone for such a tort committed in the operation of the road, upon which judgment no execution could issue against the lessor.

This is an intervention in a foreclosure suit against a railroad company by a judgment creditor of the defendant, who seeks to have his judgment established as a lien superior to the mortgage.

Joseph I. Doran and Watson, Buxton & Watson, for Norfolk & W. R. Co.

Hatton & Alexander and J. S. Grogan, for G. D. Hampton, petitioner.

SIMONTON, Circuit Judge. This is an intervention in the main cause by Gideon D. Hampton, a judgment creditor of the Norfolk & Western Railroad Company. The Norfolk & Western Railroad Company, on 21st December, 1894, was operating the railroad of the

Roanoke & Southern Railway Company under a lease of the latter road. The intervener, on the night of that day, fell into a cut north of Liberty street overhead bridge in Winston-Salem, N. C., on the right of way of the lessor road. He brought his action for tort in the superior court of Forsyth county, N. C., against the Norfolk & Western Railroad Company, in March, 1895, charging that the accident was the result of its negligence; and recovered judgment 22d February, 1897, in the sum of $1,000 and costs. This judgment was subsequently affirmed by the supreme court of North Carolina. 27 S. E. 96. At the time of this accident and at the date of the suit the Roanoke & Southern Railway Company was under a mortgage held by the Mercantile Trust & Deposit Company of Baltimore, Md., dated 16th March, 1892. This mortgage was foreclosed in this court, both the Roanoke & Southern Railway Company and the Norfolk & Western Railroad Company being parties defendant therein, and at the sale ordered thereupon was purchased. The purchasers adopted the corporate name of the Norfolk, Roanoke & Southern Railway Company. Conveyance was made to this corporation, and subsequently thereto it conveyed to the Norfolk & Western Railway Company all the railroad property and franchises formerly of the Roanoke & Southern Railway Company. After the suit of Hampton was instituted, but before judgment therein, the Norfolk & Western Railroad Company was placed in the hands of receivers upon bill filed by mortgage creditors, the Fidelity Insurance, Trust & Safe-Deposit Company, and the entire property of this corporation has been sold under the order of the circuit court of the United States. The purchaser at such sale was the Norfolk & Western Railway Company. The intervention is in the proceedings leading up to this last-named sale. When the order for sale was entered in the case of the Mercantile Trust & Deposit Company of Baltimore against the Roanoke & Southern Railway Company and the Norfolk & Western Railroad Company, its lessee, it contained, among other things, this provision:

"The purchaser shall, as part consideration for the railroad property and franchises purchased, take the same, and receive the deed therefor, upon the express condition that, to the extent that the assets or the proceeds of assets in the receivers' hands not subject to any other lien or change shall be insufficient, such purchaser, his successors or assigns, shall pay, satisfy, and discharge (a) any unpaid compensation which shall be allowed by the court to the receivers; (b) any indebtedness and obligations or liabilities which shall have been contracted or incurred by the receivers before delivery of possession of the property sold in the management, operation, use, or preservation thereof; and (c) also all unpaid indebtedness or liability contracted or incurred by the defendants, or either of them, in the operation of said railroad and property sold, which is prior in lien or superior in equity to said mortgage, except such as shall be paid or satisfied by the receivers, upon the court adjudging the same to be prior in lien or superior in equity to said mortgage, and directing payment thereof."

The question in this case is this: Is this judgment held by the intervener a liability incurred in the operation of the railroad and property sold which is prior in lien or superior in equity to said mortgage? There can be no doubt that, if the suit of Hampton had been brought against the Roanoke & Southern Railway Company, the mortgagor, and the judgment had been obtained and entered against that corpora-

tion, under section 1255 of the Code of North Carolina, the judgment would have been preferred to the mortgage debt.   Ex parte Hudson, 61 Fed. 369, affirmed as Trust Co. v. Hudson, 15 C. C. A. 651, 68 Fed. 758, and 25 U. S. App. 257.   But the judgment was obtained in a suit against the lessee of the Roanoke & Southern Railway Company, in which suit it was not a party on the record.   The rule is well established in North Carolina that the lessor of a railroad is responsible for the negligent acts of his lessee in operating the railroad.   The sovereign power has clothed the lessor with certain franchises and privileges.   These involve responsibility to the sovereign for their proper exercise.   And this responsibility can neither be evaded nor lost by shifting its exercise on another by lease or otherwise.   Logan v. Railway Co., 116 N. C. 940, 21 S. E. 959.   And, if the Roanoke & Southern Railway Company had been the defendant, or one of the defendants, in the suit, it could have been held responsible.   Does the judgment against the lessee operate also against the lessor, and create a liability? The case of Logan v. Railway Co. and all the other cases in this line proceed upon the idea that the lessee is the agent of the lessor in discharging its duties to the public, and that so the principal is responsible for the acts of its agent.   But it can scarcely be contended that a judgment against the agent alone can be enforced as a judgment against the principal.   It may afford conclusive evidence in a suit against the principal; may, without doubt, lead to a judgment against him.   But it cannot in itself operate as a judgment against him, nor would it sustain an execution against his property.   Section 1255 of the Code of North Carolina is in these words:

"Mortgages of incorporate companies upon their property or earnings, whether in bonds or otherwise, hereafter issued, shall not have power to exempt the property or earnings of such incorporations from execution for the satisfaction of any judgment obtained in the courts of the state against such incorporation for labor performed, nor for materials furnished such incorporation, nor for torts committed by such incorporation, its agents or employees, whereby any person is killed or any person or property injured, any clause or clauses in such mortgage to the contrary notwithstanding."

The protection afforded by this section is to an execution for the satisfaction of any judgment obtained in the courts of the state against such incorporation; that is to say, the incorporation which has made a mortgage upon its property or earnings, whether in bonds or otherwise.   This is a statutory remedy, and must be strictly followed. East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 112 U. S. 306, 5 Sup. Ct. 168.   It is in derogation of the common law.   Its purpose is to displace a vested lien, and either annul or greatly vary the terms of the mortgage contract.   It must, therefore, be strictly construed. Douglass v. Lewis, 131 U. S. 75, 9 Sup. Ct. 634.   In enforcing it courts cannot add to the words of the statute, and make them apply not only to executions upon judgments obtained against the mortgagor corporation, but also to judgments obtained against its officers and agents.   So, were the object of this intervention to obtain payment out of the proceeds of sale of the Roanoke & Southern Railway Company, the judgment is not within the protected class.   This intervention, however, is in a cause in which the Fidelity Insurance, Trust & Safe-Deposit Company, mortgagee of the Norfolk & Western Railroad

Company, sought the foreclosure of its mortgage on the property and franchises of that company. It would practically displace the lien of that mortgage in favor of a judgment obtained against the Norfolk & Western Railroad Company for an accident occurring not on the line of road subject to this mortgage, but on the line of a leased railroad. This question cannot arise under these proceedings. The intervener pursues the Norfolk & Western Railway Company because it has become the purchaser of what was once the property of the Roanoke & Southern Railway Company. This property was sold under an order of this court, which made the purchaser responsible for all liabilities of the Roanoke & Southern Railway Company and of the Norfolk & Western Railroad Company which are prior in lien or equity to the mortgage foreclosed in that suit,—the mortgage of the Roanoke & Southern Railway Company. The purchaser in that case was the Norfolk, Roanoke & Southern Railway Company. As such purchaser it became liable accordingly. And when it conveyed all that it had at that sale to the Norfolk & Western Railway Company, the latter company also became subject to the same liability; that is to say, it became liable to pay any claim against the Roanoke & Southern Railway Company or the Norfolk & Western Railroad Company prior in lien or superior in equity to the mortgage of the Roanoke & Southern Railway Company. But section 1255 secured such priority only to an execution upon a judgment against the mortgagor corporation. The intervener, as has been seen, has no such judgment, and does not come within the terms of this section. The intervention is dismissed.