UNITED STATES v. BERNAYS et al.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1908.)

No. 2,531 (suit 1,797).

1. CUSTOMS DUTIES—CLASSIFICATION—"PERSONAL EFFECTS OF PERSONS ARRIVING IN THE UNITED STATES."

Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 697, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], provides for "personal effects of persons arriving in the United States," with a proviso relating to "residents of the United States returning from abroad." Held, that the first provision is only for immigrants, and that the proviso concerns Americans only.

2. SAME.

Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 697, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], provides in its final clause for the exemption from duty of "one hundred dollars in value of articles purchased abroad by * * * residents of the United States, * * * upon their return." Held, that this privilege does not extend to articles which are not personal effects, such as the "wearing apparel, toilet articles," etc., specified in the preceding portion of the paragraph, and that pictures, chairs, tables, and other small trinkets brought in by an American resident are therefore not within the paragraph.

**3. STATUTES—CONSTRUCTION OF PROVISO.**
A proviso should be construed with reference to the subject-matter of the sentence of which it forms a part, unless it clearly appears to be designed by the Legislature for a broader or more independent.operation.

**4. APPEAL—ASSIGNMENTS OF ERROR—PLAIN ERROR NOT ASSIGNED.**
The insufficiency of an assignment of errors may be disregarded where the question not raised lies at the very threshold of a case, and is necessarily involved in the assignment of errors as filed; or, even if a plain error has been committed, it should be noticed, though not assigned.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

The case as presented on this appeal involved consideration of No. 11 of the rules of the United States Circuit Courts of Appeals, 150 Fed. xxvii, 79 C. C. A. xxvii, the pertinent part of which reads as follows:

"11. Assignment of Errors. The * * * appellant shall file * * * an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. * * * Errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Truman P. Young (Henry W. Blodgett, U. S. Atty., and Edward P. Johnson, on the brief), Asst. U. S. Atty.

Joseph H. Zumbalen (Clinton Rowell, on the brief), for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. A. C. Bernays, the intestate, prior to his death and while a resident of the United States, brought in from Yokohama when returning from a foreign tour certain articles of merchandise consisting of pictures, chairs, tables, and some other small trinkets, none of which are embraced within the terms "wearing apparel, articles of personal adornment, toilet articles, and similar personal effects." The surveyor of customs at the port of St. Louis, where entry was made, denied free entry because the merchandise was not brought in on the same ship with the importer, and because no claim of exemption was made at or before the time of entry. Protest against the denial of the claim followed in due time. This protest was heard by the Board of General Appraisers, and resulted in an order sustaining the ruling of the surveyor. In an appropriate proceeding instituted in the court below to secure a review of the order of the Board of General Appraisers, the Circuit Court reversed its decision, and directed the surveyor of customs to reliquidate the entry, and admit the merchandise free of duty. From that judgment an appeal was duly prosecuted to this court.

Whether the imported articles should have actually accompanied the importer upon the same ship upon which he returned to this country, or whether the claim of exemption should have been made at or prior to the date of entry of the merchandise are questions which do not necessarily concern us. In the view we take of the underlying question, whether under the provisions of paragraph 697 of section 2 of the tariff act of 1897 (30 Stat. 194, 202 [U. S. Comp. St. 1901, p. 1689]), any merchandise as distinguished from wearing

apparel and personal effects is exempt from duty, these incidental questions become immaterial. Objection is made to our consideration of this fundamental question because of an insufficient assignment of error, but as it lies at the threshold of the case its consideration, in our opinion, is necessarily involved in the assignment of errors as filed, and even if it were not it seems that a plain error has been committed which under our rules we may and ought to notice.

The section and paragraph in question reads as follows:

"Sec. 2. That on and after the passage of this act unless otherwise specially provided for in this act, the following articles when imported shall be exempt from duty * * * Paragraph 697. Wearing apparel, articles of personal adornment, toilet articles and similar personal effects of persons arriving in the United States; but this exemption shall only include such articles as actually accompany and are in the use of and as are necessary and appropriate for the wear and use of such persons, for the immediate purposes of the journey and present comfort and convenience, and shall not be held to apply to merchandise or articles intended for other persons or for sale: Provided, that in case of residents of the United States returning from abroad all wearing apparel and other personal effects taken by them out of the United States to foreign countries shall be admitted free of duty without regard to their value upon their identity being established under appropriate rules and regulations to be prescribed by the Secretary of the Treasury, but no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return."

Various views have been entertained of the meaning of this paragraph by the Board of General Appraisers, the Secretary of the Treasury, and the Attorney General. Some have expressed the view that the articles purchased abroad by residents of the United States and brought with them to this country when returning must consist exclusively of wearing apparel, articles of personal adornment, toilet articles and similar personal effects, in order to be entitled to free entry. G. A. 5,114 (T. D. 23,636), and T. D. 23,891. Others have held that any articles purchased abroad, whether personal effects like those just mentioned or any other kind of merchandise are exempt from duty when brought in by a returning traveler resident of this country to the extent of $100 in value. Opinions of Attorneys General, vol. 25, p. 93.

The District Court of the Northern District of California in United States v. Harts, 131 Fed. 886, 889, held in effect that a returning resident's right to exemption from duty is limited to his personal effects. The Circuit Court of Appeals of the Second Circuit in United States v. One Pearl Necklace, 111 Fed. 164, 171, 49 C. C. A. 287, 56 L. R. A. 130, construed paragraph 697 as exempting articles from duty according to the citizenship of the persons bringing them into the country. The case holds that foreigners when coming into our ports may bring with them, duty free, all necessary and appropriate wearing apparel, articles of personal adornment, toilet articles, and similar personal effects, but restricts the right of our own citizens when returning home to bring back free of duty whatever of wearing apparel, etc., they carried out of the country when they left it, and in addition thereto articles purchased abroad not exceeding the value of $100; but that court apparently expresses no opinion as to what kind of articles so purchased abroad can be brought in free of

duty. These varying views suggest some difficulty in the question, but afford us no controlling authority or any very definite guide. We must therefore approach the question anew and try to reach its true solution.

We notice at the outset that the only subject of consideration in the paragraph in question (certainly until we reach the last three lines) is wearing apparel and personal effects, such as ordinarily constitute the baggage of a passenger. A studied effort seems to be manifest to limit the paragraph to that subject, not only by repetition of the thought in one way or another, but by words directly excluding merchandise from its contemplation. How far and on what conditions the particular articles specified as "wearing apparel, articles of personal adornment, toilet articles, and similar personal effects," when imported into the United States, should be exempt from duty seems to have been the only subject of consideration. The first part of the paragraph lays down a general rule permitting all persons coming into this country from abroad to bring with them, free of duty, all necessary and appropriate wearing apparel, etc., without any limitation as to value. As frequently appears in legislative acts, an exception was deemed necessary, and a proviso was added to the effect that residents of the United States returning from abroad might bring in free of duty all the wearing apparel and personal effects (still dealing with the general subject under consideration) which they took out of the country when they went abroad, and then follows the clause now particularly under consideration: "But no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return." There seems to be manifest in this legislation a disposition to encourage a class of desirable immigrants by permitting them to bring into the country free of duty any quantity of wearing apparel and personal effects necessary and appropriate for their journey and for their immediate comfort and convenience; and we agree with the Circuit Court of Appeals of the Second Circuit in United States v. One Pearl Necklace, supra, that in view of the proviso the first portion of the paragraph makes provision for immigrants only, and that the latter portion contained in the proviso concerns our own residents exclusively. But whether the paragraph be for the benefit of one or the other of these classes we think its subject-matter—that which engaged the legislative attention—was wearing apparel and personal effects, and certainly not merchandise. The words "articles purchased" found in the proviso have immediate and natural relation to the subject of the legislation upon which the attention of Congress was centered, and should, in our opinion, be limited to it. United States v. Scruggs, V. & B. Dry Goods Co. (C. C. A.) 156 Fed. 940. This conclusion is in harmony with the general rule that a proviso should be construed with reference to the subject-matter of the sentence of which it forms a part unless it clearly appears to be designed by the Legislature for a broader or more independent operation. Suth. Stat. Constr. § 223; Savings Bank v. United States, 19 Wall. 227, 236, 22 L. Ed. 80; Boston Safe Deposit & Trust Co. v. Hudson, 68 Fed. 758, 15 C. C. A. 651. It

cannot be that Congress intended the proviso in question as an independent. grant of a privilege to returning residents to bring in free from duty any kind of merchandise they might purchase abroad. Such an interpretation of the tariff act seems entirely inadmissible. Unless the words "articles purchased abroad" are limited to the subject-matter of the particular paragraph in which they appear, confusion and repugnancy would characterize the whole act. Many if not all kinds of merchandise are in some paragraph made subject to a specific duty. Accordingly, unless the limitation just suggested is right, the paragraph under consideration would authorize a returning resident to bring in, duty free, any kind of merchandise which he might purchase abroad of the limited value of $100 while another paragraph might impose a specific duty upon the same merchandise. Such repugnancy should be avoided if any other reasonable construction can be found. Savings Bank v. United States, supra. We think, as already indicated, that the true interpretation of the paragraph in question limits the articles, which may be brought into this country free of duty by residents returning from abroad, to all the wearing apparel and other personal effects originally taken by them out of the United States without regard to their value, and to other articles of wearing apparel, and similar personal effects which may have been purchased abroad by them not exceeding in value the sum of $100. The articles brought in by the importer in this case did not fall within either of the classes just mentioned. As a result they were not entitled to free entry. The judgment of the Circuit Court is reversed, with directions to affirm the judgment of the Board of General Appraisers, and to take such other action as the case requires not inconsistent with this opinion.