## In re LEE.

### (District Court, E. D. Michigan, S. D.   October 30, 1916.)

1. ALIENS �köö68—NATURALIZATION—DECLARATION—PETITION—TIME—STATUTES—PROVISO.

Under Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1913, § 4352), providing that an alien may be admitted to citizenship only in the following manner: First, he shall make a declaration of intention in a prescribed manner, provided, that no one who in conformity to the law in force at the date of his declaration has declared his intention shall be required to renew his declaration; and, second, not less than two years nor more than seven years after he has made such declaration he shall file a petition in a prescribed form—though a declaration filed before has the same force and effect as one filed after passage of and in conformity with the act, a petition must be filed not more than seven years after the act takes effect; the proviso relating only to the sufficiency of the declaration.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⊗ôö68.]

2. ALIENS ⊗ôö68—NATURALIZATION—STATUTES—RETROACTIVE EFFECT.

Act June 29, 1906, c. 3592, § 4, in providing that petition shall be filed not more than seven years after the making of declaration of intention to become a citizen, is not retroactive in any proper sense, as to one who filed his declaration before passage of the act, as it will be construed to give him seven years after the act took effect.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⊗ôö68.]

Petition of John Wortley Rastrick Leo to be admitted to citizenship. Denied, without prejudice.

TUTTLE, District Judge.   The petitioner herein, an alien, made and filed his declaration of intention to become a citizen of the United States before the enactment of the present Naturalization Act, and in conformity with the law then in force.   More than seven years after such act took effect said alien filed his petition for citizenship, without having made any further declaration of intention.

[1] The sole question involved is whether an alien who, before the date of the taking effect of the present Naturalization Act, duly declared his intention to become a citizen of the United States, and, without renewing such declaration, filed his petition for citizenship more than seven years after such act took effect, may now be admitted to citizenship.   The answer to this question depends upon the proper construction of said Naturalization Act.   This is Act of June 29, 1906, c. 3592 (34 Statutes at Large, pt. 1, p. 596).   The provisions thereof material here are the following portions of section 4:

"Section 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to

become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. And such declaration shall set forth the name, age, occupation, personal description, place of birth, last foreign residence and allegiance, the date of arrival, the name of the vessel, if any, in which he came to the United States, and the present place of residence in the United States of said alien: Provided, however, 'that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration.

"Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth; the place from which he emigrated, and the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen of the United States; if he is married he shall state the name of his wife and, if possible, the country of her nativity and her place of residence at the time of filing his petition; and if he has children, the name, date, and place of birth and place of residence of each child living at the time of the filing of his petition: Provided, that if he has filed his declaration before the passage of this act he shall not be required to sign the petition in his own handwriting."

It will be noted that under the express provisions of this section and by two different paragraphs thereof, two separate and distinct acts on the part of the alien are required before he may be admitted to citizenship: First, he must declare his intention to become a citizen; second, he must make and file his petition for citizenship. Each of these steps must be taken by every alien who desires to become an American citizen. The section first provides that such alien "shall declare on oath," in a manner specifically prescribed, his intention aforesaid. It is clear, in view of the explicit provision that "an alien may be admitted to become a citizen of the United States in the following manner and not otherwise," that if there were no proviso to such first paragraph the declaration of intention filed by the petitioner herein would be insufficient, as it is not made and filed in accordance with the requirements of this act, and it would be necessary for petitioner to renew such declaration, although it was made and filed in conformity with the law in force at the date of its filing. To avoid such a result, however, Congress limited the application of this paragraph by adding thereto the proviso already quoted, as follows:

"Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration."

The effect, and, in my opinion, the only purpose, of this proviso is to give to a declaration filed before such act became a law, and in conformity with the law in force at the date of such declaration, the same force and effect as if it had been filed in conformity with, and therefore subsequent to, the passage of such act. The alien seeking

citizenship was still required to file a declaration of intention, but if such declaration had already been filed in conformity with the former law, that declaration would take the place, and be accepted in lieu, of the particular kind of a declaration otherwise required, notwithstanding the fact that such aforesaid declaration was a different kind of declaration than that described and prescribed in said act. This, in my opinion, is the meaning of such proviso.

Having, however, thus provided for the making and filing of a declaration of intention in the manner and subject to the requirements mentioned, Congress, in the second paragraph of said section, provided, as a further requirement, that:

"Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate"

—a petition complying with certain formalities specifically prescribed. It seems to me that this language clearly evinces an intention to require that this petition shall be filed not more than seven years after the making of the declaration provided for in the first paragraph already referred to, whether such declaration was made and filed in the manner prescribed by this act or was made and filed before such act took effect, but in conformity with the law in force at the day of its filing, and therefore accepted as sufficient under the statute, although not made in the manner provided.

It is urged that the proviso quoted above exempts from the seven-year limitation declarations filed before the statute took effect. I cannot agree with this contention. I think that said proviso relates only to the sufficiency of the declaration of intention, and that its sole purpose is to give to a declaration filed before this statute became operative, if sufficient under the previous law, the same force and effect as if it had been filed in accordance with the requirements of such statute.

"It is a rule that a proviso is strictly construed, and should be confined to what precedes it, unless it clearly appears to have been intended to apply to other matters also. Suth. St. Const. § 223; Potter, Dwar. St. 272; End. Interp. St. § 186; Wayman v. Southard, 10 Wheat. 30 [6 L. Ed. 253]; U. S. v. Dickson, 15 Pet. 141–145 [10 L. Ed. 689]." Boston Safe-Deposit & Trust Co. v. Hudson, 68 Fed. 758, 15 C. C. A. 651.

"It is a familiar doctrine that a proviso is to be strictly construed, and that it should be confined to what precedes it, unless it clearly appears to have been intended to apply to other matters also." Carter, Webster & Co. v. United States, 143 Fed. 256, 74 C. C. A. 394.

"This conclusion is in harmony with the general rule that a proviso should be construed with reference to the subject-matter of the sentence of which it forms a part, unless it clearly appears to be designed by the Legislature for a broader or more independent operation. Suth. Stat. Constr. § 223; Savings Bank v. United States, 19 Wall. 227, 236, 22 L. Ed. 80; Boston Safe Deposit & Trust Co. v. Hudson, 68 Fed. 758, 15 C. C. A. 651." United States v. Bernays, 158 Fed. 792, 86 C. C: A. 52.

"An exception or proviso in a statute affects and relates to the paragraph or clause in which it is found, or to which it is annexed, only, and not to the entire statute, or to other sections, paragraphs, or clauses in it, unless a different intention or purpose on the part of the Legislative body is clearly disclosed by the enactment." Aaron v. United States, 204 Fed. 943, 123 C. C. A. 265.

990 236 FEDERAL REPORTER

If this proviso had followed, not preceded, the provision prescribing the seven-year period of limitation, there would be much force in the contention made. Such provision, however, follows said proviso, and, admitting that it is inconsistent therewith, must control. In re Richards (D. C.) 96 Fed. 935. As was pointed out in the case of United States v. Jackson, 143 Fed. 783, 75 C. C. A. 41:

"Another well-settled rule of construction applicable to these cases is that, where there is an irreconcilable conflict between different parts of the same act, the last in the order of arrangement will control."

The words "such declaration of intention" used in the last-mentioned paragraph obviously refer to the declaration required by the first paragraph. What declaration is required by such paragraph? Clearly, either a declaration made and filed under the terms of this act, or, in lieu thereof, a declaration made in conformity with the law in force at the date of such declaration. But, a declaration, of one kind or the other, having been filed, the provision is mandatory that "Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate" the petition therein mentioned. In the words of the Circuit Court of Appeals of the Second Circuit, in the case of Yunghauss v. United States, 218 Fed. 168, 134 C. C. A. 67:

"A declaration made prior to the act of 1906 is valid, no matter how long prior thereto it may have been made, but after the date of the passage of that act the person who made the declaration has no superior rights to one who declares thereafter. In both cases action must be taken within seven years. It seems to us that this is what Congress intended. In effect the act says to the alien who has made his declaration prior to 1906: 'Your declaration is in all respects valid, but if you wish to become a citizen you cannot delay your application for a period of over seven years from the passage of the act.'"

As was said in the case of In re Goldstein (D. C.) 211 Fed. 163:

"It is evident that no petition for final hearing can be made except under the provisions of the present law. An applicant who had filed one of the old declarations could use that at once, and hence could avoid waiting two years after filing a new declaration, but must still use the old form of declaration as a basis for his compliance with the present law in other respects. This satisfies the requirement that no new declaration will be needed in addition to the old one, but does not mean that the old paper is of any greater effect, or has any wider use, than the new one. The provision that no new declaration is needed, and that the old declaration may be used, is followed by the provision that 'such declaration' must be used within seven years. These words 'such declaration' expressly include the declarations of that class of applicants who need not sign their name because they have declarations made before the passage of this act. The beginning of the period of seven years in such cases cannot be postponed beyond the date when the law made all old declarations in effect as if taken out on or dated from the day when the new law went in force. From that date all declarations capable of use under the new law are covered by a seven-year statute of limitations. The Congress might have provided that a new declaration be taken out by all applicants, or the law might have been made to read that no naturalization at all should be possible, and thus repeal the previous statute in toto. This was evidently felt to be undesirable, and the present act was designed to provide for and protect those who already had first papers. But no intention on the part of Congress is indicated to vary the limitation of time after which a new state-

ment of intention will be required as a prerequisite from any applicant for final papers."

To the same effect are Harmon v. United States, 223 Fed. 425, 139 C. C. A. 19 (C. C. A. First Circuit), and In re Wehrli (D. C.) 157 Fed. 938.

[2] It is urged that the effect of such a construction is to make the statute retroactive, and that, therefore, such construction should not be adopted unless clearly necessary to carry out the intention of Congress. If such contention were, in my judgment, sound, I should still be of the opinion that the construction indicated was the proper one. I do not, however, agree with the contention that such construction renders the statute retroactive, in the proper sense of the word, or that it unjustly deprives any person of rights existing when such statute was enacted. Under well-settled rules of statutory construction it will be presumed, in the absence of a clearly expressed contrary intention, that the operation of such a statute was not intended to commence, as against rights accruing before its passage, until the date of such passage. The rule and the reasons therefore are so well stated in the opinion of Mr. Justice Bradley, speaking for the United States Supreme Court in Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737, that I quote therefrom somewhat at length, as follows:

" 'Words in a statute,' says Justice Paterson, 'ought not to have a retrospective operation, unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied. United States v. Heth, 3 Cranch, 413 [2 L. Ed. 479].' And this rule is repeated by this court in Harvey v. Tyler, 2 Wall. 347 [17 L. Ed. 871], where it is said: 'It is a rule of construction that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect.' The plaintiff contends that the application of this rule to the statute in question would have the effect of restricting its application to actions accruing after the passage of the act. But this is not a necessary conclusion. A statute of limitations may undoubtedly have effect upon actions which have already accrued, as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the Legislature to be gathered therefrom. When a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation. In doing this, three different modes have been adopted by different courts. One is to make the statute apply only to causes of action arising after its passage. But as this construction leaves all actions existing at the passage of the act, without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires —which reasonable time is to be estimated by the court—leaving all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or,

as to them, is unconstitutional, and is a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others. It was substantially adopted by this court in the cases of Ross v. Duval, 13 Pet. 62 [10 L. Ed. 51], and Lewis v. Lewis, 7 How. 778 [12 L. Ed. 909]. In those cases certain statutes of limitation—one in Virginia and the other in Illinois—had originally excepted from their operation nonresidents of the state, but this exception had been afterwards repealed ; and this court held that the nonresident parties had the full statutory time to bring their actions after the repealing acts were passed, although such actions may have accrued at an earlier period. 'The question is,' says C. J. Taney (speaking in the latter of the cases just cited), 'from what time is this limitation to be calculated? Upon principle, it would seem to be clear that it must commence when the cause of action is first subjected to the operation of the statute, unless the Legislature has otherwise provided.' It is true, that in the subsequent case of Murray v. Gibson, 15 How. 421 [14 L. Ed. 755], this court followed the decisions of the Supreme Court of Mississippi in its construction of a statute of that state, and held that it applied only to actions accruing after the statute was passed. But that decision was made in express deference to those of the state court, which were regarded as authoritative. In the present case we are not bound by any decisive construction of the state court on this point."

Assuming, therefore, that the privilege of applying for citizenship is a right or cause of action within the protection of the Constitution, which is, in my opinion, exceedingly doubtful, the present statute should be construed as beginning to operate upon such rights only at the date of its taking effect, so that any alien who had duly declared his intention under the former law and prior to the last-mentioned date was allowed seven years after such date within which to file his petition for citizenship. I agree with and adopt, in this connection, the following language of the opinion in the case of In re Wehrli, supra:

"It is true, the right of an alien to become naturalized is a mere privilege which Congress can grant upon such terms as it deems proper, or withhold entirely, but no act of Congress should be so construed as to deprive an alien of that privilege unless the language is so clear and unambiguous that there can be no doubt of its intent. In my opinion, the language of the statute does not justify such a construction, and the true intent of Congress was that aliens declaring their intention to become naturalized after the passage of the act must file their final application within seven years after    *    *    *    the declaration of intention, and as to those who filed the declaration of intention before the enactment of the statute they must make their final application within seven years from the enactment of the act."

It results from the views herein expressed that the petition must be, and it hereby is, denied, without prejudice to the right of the petitioner to make and file a new declaration of intention in accordance with and subject to the requirements of said statute.