## UNITED STATES v. HARTS

(District Court, N. D. California. June 30, 1904.)

### No. 1,635.

1. CUSTOMS DUTIES—SMUGGLING—PASSENGERS' BAGGAGE—INTENT TO DEFRAUD.

Under section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873], providing for the forfeiture of, and the imposition of penal duties on, dutiable articles found in passengers' baggage, it is not necessary that there should have been an intent to defraud the revenue in order to incur the penalties there prescribed.

2. SAME—PENAL DUTY—FAILURE TO ENTER BAGGAGE.

Articles subject to duty were found in the baggage of a person arriving in the United States, which he had intentionally failed to mention to the collector of customs before whom the entry of the baggage was made. *Held*, that he was liable to a penalty of treble the value of the articles, under section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873], though it was not shown that there had been any intention to avoid the payment of duty.

3. SAME—EVIDENCE OF INTENT TO DEFRAUD THE REVENUE.

On the examination of a passenger's baggage dutiable articles were found placed in the skirts of dresses in such a way that they could not be seen until the skirts were unfolded. *Held*, that this evidence would not justify the conclusion that the owner of the baggage had intended to avoid the payment of duty upon such articles.

4. SAME—FORFEITURE—PASSENGERS' BAGGAGE—EXEMPTED ARTICLES.

The provision in paragraph 697, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], exempting $100 in value of dutiable articles in the baggage of returning residents of the United States, is not applicable in proceedings under section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873], for the forfeiture of, and the collection of penal duty on, dutiable articles not mentioned on the entry of the baggage. It applies only when a proper entry has been made of the articles entitled to such exemption, and not otherwise.

5. SAME—APPRAISEMENT OF FORFEITED MERCHANDISE—PASSENGERS' BAGGAGE.

The statute does not contemplate that in an action to enforce the forfeiture or penalty prescribed by section 2802, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1873], relative to dutiable articles found in passengers' baggage, the court shall be required to make an appraisement of the value of such articles for the purpose of ascertaining what portion would have been entitled to admission free of duty if a proper declaration and entry thereof had been made.

At Law. Action for penal duties on merchandise imported in violation of customs laws.

Note Buckley v. U. S., 4 How. 251, 11 L. Ed. 961, and Dodge v. U. S., 131 Fed. 849, herewith.

Benj. L. McKinley, Asst. U. S. Atty.
Wright & Lukens, for defendant.

DE HAVEN, District Judge. This action is prosecuted by the United States under section 2802 of the Revised Statutes [U. S. Comp. St. 1901, p. 1873]. It is alleged in the declaration that the defendant came from Japan to the port of San Francisco on the United States transport Thomas, bringing with him certain baggage, and that in making entry of the same before the collector of customs he did not mention certain dutiable articles contained therein of the value

of $657.04, and by reason thereof judgment is demanded against him for the sum of $1,971.12, three times the alleged value of the goods, with interest and costs of suit.

It appears from the evidence that the defendant is a captain in the engineer corps of the United States army, and on July 10, 1903, arrived at the port of San Francisco as a passenger on the United States transport Thomas, with his baggage. Part of this baggage was brought by him from Manila, and a part was purchased at Nagasaki, Japan, and there placed on board the Thomas for shipment to San Francisco. Upon his arrival the defendant was furnished by the customs officers with a printed form entitled, "Baggage Declaration and Entry," and was requested to fill out and sign the same. This form contained the following clause:

"That all the articles in said baggage or on my person, or that of the members of my family accompanying me, that have been purchased abroad, or in any other manner procured or obtained abroad, are fully set forth and described in the annexed entry, together with cost price for each item, or the actual market value if obtained by gift or otherwise than by purchase."

These words were struck out by the defendant, and he made no detailed list of any articles contained in his baggage. The declaration and entry, however, as made out and delivered by him, truly stated that he had with him, belonging to himself and members of his family, "six trunks, three bags or valises, one box, and one other package, making a total of eleven pieces," and that no article contained in his baggage or upon his person or that of those accompanying him was intended directly or indirectly for sale, or for the use of any person other than himself and the members of his family. The defendant testified that he did not at the time have any memorandum by which he could fully set forth and describe the articles purchased abroad and the cost price of each, and for that reason did not specifically mention them in his declaration; and that he was ready and willing at all times to pay the duties legally chargeable thereon. After the baggage was landed upon the wharf, the defendant requested the proper officer to examine it, and in doing so made no suggestion that the examination should not be careful and thorough, but he made no mention of the fact that any dutiable articles were in his baggage. The baggage was then examined in his presence, and it was found that many dutiable articles, such as pieces of silk in the original fold or bolt, had been placed in skirts of dresses in such a way that they could not be seen until the skirts were unfolded. It is insisted upon the part of the government that this was done for the purpose of concealment, and with the expectation that the silks would not be discovered by the customs officers, and thus the payment of duty thereon be avoided; that such was the intention of defendant in failing to mention to the officer that merchandise of that character was in his baggage. But I am not inclined to adopt that view. The trunks were packed by the wife of the defendant, and her testimony to the effect that the silks were folded in the dress skirts as a matter of convenience in packing, and also for their protection, seems reasonable. But, independently of this consideration, a conclusive answer to the contention of the government on this point is that the articles referred to were not packed in such a way as to prevent their

being seen upon a proper examination of the baggage, and they were in fact discovered as a result of the usual examination which is given to baggage coming from foreign ports; and not only was there no attempt at concealment of the trunks, but, as before stated, the defendant himself requested the customs officers to make an examination of their contents. In view of this action, which is certainly not consistent with an actual intention on his part to defraud the government of its revenue, and upon consideration of all the evidence in the case, and giving due weight to the presumption of innocence, my conclusion is that it has not been shown that defendant intended to avoid the payment of duties upon such articles as were dutiable.

The question for decision, then, is whether the failure of the defendant to mention to the proper officers, at the time of making entry of his baggage, the dutiable articles contained therein, was a violation of section 2802 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 1873], and rendered him liable to the penalty prescribed by that section. The section is as follows:

"Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry for such baggage, mentioned to the collector before whom such entry was made, by the person making entry, such article shall be forfeited, and the person in whose baggage it is found shall be liable to a penalty of treble the value of such article."

It was provided by section 16 of Act June 22, 1874, 18 Stat. 189, that in proceedings to enforce a forfeiture for the violation of the customs revenue laws no judgment of forfeiture should be given unless the court or jury should find that the alleged act of violation was committed with an actual intention to defraud the government. That section, however, was repealed by section 29 of Act June 10, 1890, c. 407, 26 Stat. 141, and it has been held in United States v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130, that in actions to enforce a forfeiture under section 2802 of the Revised Statutes [U. S. Comp. St. 1901, p. 1873] it is not incumbent upon the government to prove that the owner of the goods intended to defraud the revenue. This decision rests upon the principle "that, where a statute imposes a duty upon a citizen, for the protection of the revenue, or for any other specific purpose, to do specific acts, and establishes penalties or forfeitures as a part of the consequences of not doing the required acts, the motive of the person incurring the penalty has nothing to do with it." United States v. One Pearl Necklace (D. C.) 105 Fed. 359. While in this case there was no intention on the part of the defendant to defraud the revenue, still the evidence shows that his failure to comply with the requirements of section 2802 was intentional, and this was all the government was required to prove to entitle it to recover in this proceeding. This rule may seem harsh, but its apparent hardship is greatly modified by the fact that "the statutes confer upon the Secretary of the Treasury the widest discretion to remit forfeitures and penalties accruing for a violation of the customs and revenue laws. This discretion has always been liberally exerted in cases where violation was unintentional or excusable upon any consideration." United States

v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287. The courts, however, are without authority to relax the rule.

2. Paragraph 697, Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], provides:

"That in case of residents of the United States returning from abroad, all wearing apparel and other personal effects taken by them out of the United States to foreign countries shall be admitted free of all duty, without regard to value, upon their identity being established, under appropriate rules and regulations to be prescribed by the Secretary of the Treasury, but no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return."

It is claimed by the defendant that under the first clause of this paragraph, the wearing apparel and other personal effects found in his baggage taken by him to Manila and thence to Japan, and thence to the United States, were not dutiable, and therefore he incurred no penalty in the failure to mention the same at the time of making entry of his baggage; and in regard to the purchases made in Japan, the defendant claims that articles of the value of $100 were entitled to be admitted free of duty. The questions thus presented, and particularly the latter, cannot be said to be entirely free from doubt, but, in my opinion, the provision of the statute above quoted is not applicable in a proceeding like this. It is intended for the guidance of the customs officers and for the Circuit Court in reviewing decisions of the Board of General Appraisers, under section 15, Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], when the person claiming the benefit of its exemptions has complied with the requirements of the law in respect to the declaration and entry of his baggage and personal effects. In other words, the statute confers a privilege or benefit, which can only be claimed by one who has complied with the provisions of the law made for the protection of the revenues. The articles therein referred to are to be admitted free of duty by the customs officers upon legal entry thereof, and not otherwise. This is clearly so as to wearing apparel and other personal effects taken out of the United States to foreign countries, which are to be admitted free after their identity has been established under appropriate rules and regulations prescribed by the Secretary of the Treasury. United States v. Dominici et al., 78 Fed. 334, 24 C. C. A. 116. And I am inclined to think that under a proper construction of the statute articles not exceeding $100 in value, purchased abroad by residents of the United States, can only be admitted free when duly entered at the customs office, and after appraisement by the proper officers. The customs officers are to determine, not only the value of such articles, but whether they may be properly classified as baggage or personal effects, because it is only to such articles that this clause of the statute applies, and one of the regulations of the Treasury Department introduced in evidence requires that passengers shall be notified that:

"Residents of the United States returning from abroad should prepare a detailed list of all articles purchased or otherwise obtained abroad, and the price paid therefor, or the value thereof, specifying separately wearing apparel, articles of personal adornment, toilet articles, and similar personal effects. The exemption of $100 allowed by law will be made by the appraiser at the dock.

Articles, including wearing apparel, will be appraised at the market price in the country where purchased."

The statute does not contemplate that in an action to enforce the forfeiture or penalty prescribed by section 2802 of the Revised Statutes [U. S. Comp. St. 1901, p. 1873] the court shall be required to make an appraisement of the value of the wearing apparel or other personal effects contained in the baggage of the passenger, for the purpose or ascertaining what portion, if any, would have been entitled to admission free of duty if a proper declaration and entry thereof had been made before the customs officers. The only questions for the court to determine in such an action are whether the goods sought to be forfeited are such as fall within the general description of goods subject to duty, and, if so, were they, at the time of making entry of the baggage in which they were found, mentioned to the collector before whom such entry was made, and, if not, was the failure to so mention them intentional?

3. I find the value of the merchandise mentioned in the declaration to be $552, and the government is entitled to recover as against the defendant a judgment for three times that sum and costs.