NEW RIVER COAL SALES CO. v. THOMPSON et al. (Circuit Court, E. D. Pennsylvania. October 13, 1905.) No. 37. Exceptions to Answers to Interrogatories. Louis B. Runk and Read & Pettit, for complainant. Wm. M. Montgomery, for respondents.

J. B. McPHERSON, District Judge. For the reasons stated in the plaintiff's exceptions, I am of opinion that the answers of Joseph W. Thompson to the first, second, third, fifth, and eleventh interrogatories are not sufficient. And for similar reasons, the exceptions to the answers of Susan V. Thompson to the first, fourth, fifth, and ninth interrogatories are also sustained. The defendants are hereby ordered to amend their respective answers within 15 days, so as to meet the plaintiff's objections.

SMITH-WARREN CO. v. DAVID LUPTON'S SONS CO. et al. (Circuit Court, E. D. Pennsylvania. October 13, 1905.) No. 31. Demurrer to Bill. W. S. Jackson and A. B. Stickney, for complainant. Fraley & Paul, for respondents.

J. B. McPHERSON, District Judge. The seventh and eighth grounds of demurrer seem to me to be well founded, but it does not follow that the bill must be dismissed. On the contrary, I think that the proper order is to strike out paragraphs 20, 21, 22, and 23, as containing what at present appears to be irrelevant matter, and require the defendants to answer the rest of the bill. If the answer sets up the Watkins patent as a justification for the defendants' acts, it will be time enough then to consider what place in the art that patent is entitled to hold, and how far it may be affected by what was done in the office while the application was pending. The clerk is directed to enter the appropriate order.

UNITED STATES v. SIXTEEN BOLTS OF SILK. (District Court, N. D. California. June 30, 1904.) No. 1,634.

DE HAVEN, District Judge. The facts of this case are fully stated in the opinion this day filed in the case of United States v. Wm. H. Harts, 131 Fed. 886. For the reasons therein stated, and also because, upon consideration of the evidence, I find that the allegations of the libel are true, judgment will be entered in favor of the government for a forfeiture of the goods described in the libel of information as prayed for.